## JOE McALLISTER AND OTHERS v. INDEPENDENT SCHOOL DISTRICT NO. 306, HUBBARD COUNTY, AND OTHERS.

149 N. W. (2d) 81.

March 3, 1967—No. 40,211.

*Whitney E. Tarutis,* for appellants.
*Fred N. Peterson, Jr.,* and *Peterson & Popovich,* for respondents.

PER CURIAM.

This is an appeal from a judgment dismissing plaintiffs' cause of action[1] entered pursuant to an order granting defendants' motion for summary judg-

---

[1] The judgment included an allowance to defendants of $50 for costs and $150 for an attorney's fee.

ment. The motion was made under Rule 56, Rules of Civil Procedure. However, the notice of motion was admittedly not served upon plaintiffs the full 10 days prior to the return date and hearing thereon.[2] Because we hold that the stated time for notice is mandatory, absent a clear waiver by the adversary, the judgment must be reversed.

Defendants are a school district and members of its board of education, and plaintiffs are dissident voters and taxpayers. On April 19, 1963, defendants conducted an election for authorization to issue $125,000 in school building bonds, and the voters duly approved it. On January 22, 1965, the validity of this election was upheld in Lindahl v. Independent School Dist. No. 306, 270 Minn. 164, 133 N. W. (2d) 23. On June 17, 1965, plaintiffs petitioned defendant board to conduct an election to rescind its prior proceedings. At a special meeting on July 1, 1965, the board "tabled" the petition and resolved, instead, for the calling of a bond sale on July 22, 1965. On July 21, 1965, plaintiffs obtained a temporary restraining order against the bond sale and the making of any contracts for construction of the proposed school building. The complaint and order to show cause were served upon defendants on July 21, 1965, and the order for hearing on plaintiffs' motion for a temporary injunction was made returnable August 24, 1965.

Defendants mailed their notice of motion for summary judgment to plaintiffs on August 17, 1965, the notice stating that the hearing on the motion would be had on August 24, 1965.[3] The time of service fell 5 days short of the time required by the Rules of Civil Procedure.[4]

Defendants urge that, notwithstanding the admitted untimeliness of their motion for summary judgment, it qualified as a timely motion for judgment

---

[2] Rule 56.03 provides in part: "The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that either party is entitled to a judgment as a matter of law."

[3] The notice of motion also stated that defendants would seek an order requiring the plaintiffs to file a surety bond protecting the school district or its taxpayers, or the other defendants, from damage which might be caused by the pendency of the action. That part of the motion was timely. Minn. St. 562.02.

[4] Rule 56.03 provides that the motion shall be served at least 10 days before the time fixed for the hearing, and Rule 6.05 provides that when notice is served by mail, 3 days shall be added to the prescribed period.

on the pleadings pursuant to Rule 12. They assert that both court and counsel so treated it and that "this is what the order was intended to be." This is disputed by plaintiffs, at least with respect to *their* position. That the trial court treated the motion as one for summary judgment under Rule 56 is plain both from its order [5] and from the judgment [6] itself.

The trial court, moreover, considered matters outside the pleadings, thus making it necessary to treat the motion as one for summary judgment under Rule 56.[7] Three lengthy affidavits, together with numerous incorporated documents, were presented to the trial court and cover more than half the printed record. An affidavit of defendants' attorney and bond consultant was specifically directed and relevant to their motion to require plaintiffs to file a surety bond. However, an affidavit of defendants' superintendent of schools was unrestricted and relevant mainly to the merits of the action itself. An "affidavit of merit and reply" by plaintiffs was by its terms "a reply to the Answer" of defendants, quite obviously filed to support plaintiffs' own motion for a temporary injunction.

Defendants further urge that no objection was made by plaintiffs to

---

[5] "It Is Hereby Ordered that the motion of the defendants for summary judgment be and the same is hereby in all things granted upon the grounds and for the reason that there is no genuine issue as to any material fact."

[6] "The above entitled matter came on for hearing pursuant to an Order to Show Cause requesting the defendants to show cause why a temporary restraining order should not be made, and pursuant to a Motion by the defendants that they have summary judgment pursuant to Rule 56 of the Rules of Civil Procedure for the District Courts of the State of Minnesota. * * * The Court having heard the arguments of counsel and being fully informed of all of the files, records, affidavits and proceedings herein, made its Order on August 24, 1965.

"Now, Therefore, Pursuant To Said Order, It Is Hereby Adjudged And Decreed:

"1. That the cause of action of the plaintiffs be dismissed and that the defendants have judgment of dismissal herein pursuant to the Motion for Summary Judgment; and that the cause of action of the plaintiffs is and hereby shall be dismissed in every respect."

[7] Rule 12.03 provides: "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on such motion, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided for in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

hearing defendants' motion and that, therefore, this objection was waived. Plaintiffs deny this, asserting that the hearing of defendants' motion was vigorously protested and claiming that plaintiffs had other evidence to submit. They were of course present at the hearing in support of their own motion for a temporary injunction, duly noticed for that date. There is nothing in the record indicating their consent to a hearing upon any other motion. Plaintiffs' affidavit of merit and reply in support of their own motion falls short of constituting a waiver of objection to the timeliness of a motion for summary judgment.[8]

Although the Rules of Civil Procedure are to be construed to secure a just, speedy, and inexpensive determination of actions,[9] any other result would in this case equally thwart the clear mandate of Rule 56.03 under the guise of construction. Our opinion that the motion, order, and judgment herein were fatally defective for want of timeliness does not intimate either that plaintiffs' pleadings are beyond successful attack by appropriate motions or that a temporary injunction should necessarily have issued on their own pending motion. We hold only that plaintiffs were in this instance denied their day in court.

Reversed.

---

[8] There is otherwise ample authority to hold that, in the absence of objection to the service of the motion less than 10 days before the return date, the defect will be deemed waived. Feng Yeat Chow v. Shaughnessy (S. D. N. Y.) 151 F. Supp. 23, 25, note 2; Oppenheimer v. Morton Hotel Corp. (6 Cir.) 324 F. (2d) 766. In Anderson v. Twin City Rapid Transit Co. 250 Minn. 167, 184, 84 N. W. (2d) 593, 604, we noted that the principle of waiver is applicable to both procedural and substantive law.

[9] Rule 1.