**In the Matter of the WELFARE OF J. B. S.**

**No. 47461.**

Supreme Court of Minnesota.

June 16, 1978.

William Kennedy, Hennepin County Public Defender, William Briere and Wright Walling, Asst. Public Defenders, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Gary W. Flakne, County Atty., Vernon E. Bergstrom and David W. Larson, Asst. County Attys., Minneapolis, for respondent.

Heard before KELLY, TODD, and SCOTT, JJ., and considered and decided by the court en banc.

PER CURIAM.

This is an appeal by a juvenile from an order of the Hennepin County District Court, Juvenile Division, requiring appellant to spend 24 hours in the Hennepin County Detention Center for disobeying its disposition order. We reverse.

The facts giving rise to this appeal center around two letters sent to appellant by the work coordinator for juvenile services of the Hennepin County Juvenile Court. The first letter, dated November 9, 1976, ordered appellant to report to the work squad on Saturday, November 13, 1976. Appellant appeared and performed 8 hours work. The work coordinator testified that on November 13 she verbally directed appellant to report for work on Saturday, November 20, 1976, and the two subsequent Saturdays. Appellant denied being so ordered. In any event, appellant did not report for work on any of the subsequent Saturdays.

The second letter sent to appellant ordered him to report to the Juvenile Center for a "Quick Stop Hearing." The letter stated that the purpose of the hearing was to determine (1) whether appellant had received the letter of November 9 ordering him to report to work on November 13, (2) whether appellant had violated that order, and (3) if so, whether there was any reason why appellant should not be found in contempt of court.

Appellant appeared at the Quick Stop Hearing as ordered. After the state had presented its case appellant moved for a dismissal on the grounds that the state had failed to prove the charges as alleged in the notice of the Quick Stop Hearing, the testimony having established that appellant had appeared for work on November 13. The juvenile court denied appellant's motion. Following the presentation of appellant's case the court found that appellant had failed to report for the work assignments despite adequate notice and ordered that appellant spend 24 hours in the juvenile detention center.

The issue on appeal is whether the notice given to appellant of the alleged misconduct to be considered at the Quick Stop Hearing was adequate. We agree with appellant and the county attorney that it was not.

The notice stated that appellant violated an order contained in a letter dated November 9 to report to the work squad on November 13. The order was violated "by none [sic] compliance of that letter." Testimony taken at the Quick Stop Hearing clearly indicated that appellant reported for work as ordered on November 13. The alleged misconduct for which appellant was found in contempt was his failure to report to the work squad on the following Saturdays as verbally ordered by the work coordinator, an order appellant denied being

given. Nothing contained in the letter of November 9 or the notice of the Quick Stop Hearing indicates, however, that the subject of the Quick Stop Hearing was appellant's alleged failure to obey a verbal order. On the basis of this record we conclude that the notice given appellant was inadequate. See, *In re Welfare of Raino*, 255 N.W.2d 398 (Minn.1977).

The juvenile court's order is reversed.