In the Matter of Drainage by James L. PERSONS, Steven A. Goeller, Perry B. Grotberg, and Margaret T. Grotberg, Section 23, The N1/2 of the SW1/4 and the SW1/4 of the SW1/4 of Section 24, the N1/2 of the NW1/4 and the W1/2 of the NE1/4 of Section 26 and the E1/2 of the E1/2 of Section 26, all in Township 141 North, Range 58 West, Getchell Township, Barnes County, North Dakota.

Civ. No. 9922.

Supreme Court of North Dakota.

Oct. 19, 1981.

Sproul, Lenaburg, Fitzner & Walker, Valley City, for appellants James L. Persons, Steven A. Goeller, Perry B. Grotberg, and Margaret T. Grotberg; argued by Earl R. Pomeroy, Valley City.

Mikal Simonson, State's Atty., Valley City, for Barnes County Water Management Board; argued by Mr. Simonson.

Robert A. Feder, Fargo, for Robert Wittenberg and 49 other petitioners; argued by Robert A. Feder, Fargo.

ERICKSTAD, Chief Justice.

This is an appeal from an order of dismissal granted by the District Court of Barnes County during a hearing held on the appellants' (Persons) pre-trial motion in limine. We reverse the order of dismissal because the procedures for summary judgment under Rule 56 of the North Dakota Rules of Civil Procedure were not followed.

This action was begun in the fall of 1979 when 50 residents of Barnes County (petitioners) petitioned the Barnes County Water Management Board (Water Management Board) to close a drainage ditch constructed by Persons. The petition alleged that Persons' drainage ditch caused the ground water level to rise, resulting in a decline in the petitioners' soil productivity and flooding of their basements.

It appears from the record that the Water Management Board conducted an investigation pursuant to Section 61–16–50 of the North Dakota Century Code to determine whether or not Persons had complied with the statutory permit requirements for drainage ditch construction. The Water Management Board determined that Persons, opened a ditch for the purpose of draining and that the opening of the ditch was contrary to provisions of the North Dakota Century Code.

The North Dakota Century Code, Section 61–01–22, provides that a person seeking to drain water into a water-course from an area comprising 80 acres or more must first secure a permit. An exception is provided, however, exempting "construction or maintenance of any existing or prospective drain constructed under the supervision of a state or federal agency" from the permit requirement. § 61–01–22, N.D.C.C. Noncomplying drains are to be closed according to the procedure provided in Section 61–16–50, N.D.C.C. That section provides that the affected drainage landowner is entitled to a hearing on the issue of whether or not his drain complies with the statute.

After an investigation, the Water Management Board, in the instant case, determined that Persons' drainage area exceeded 80 acres, that a ditch had been constructed, and that a permit was not secured by Persons for the drainage. Proper notice was given to Persons and, pursuant to Section 61–16–50, N.D.C.C., Persons demanded a hearing before the Water Management Board to determine whether or not the drainage ditch should be closed.

At that hearing, the Water Management Board found that the area drained by Persons exceeded 80 acres and that no permit had been obtained. Persons argued, however, that a permit was unnecessary because of the exception to the permit requirement in Section 61–01–22, N.D.C.C., excepting drains constructed under the supervision of state or federal agencies. Persons contended their drainage project fit within that exception because it was constructed with funds from the Agricultural Stabilization and Conservation Service (ASCS) and the construction was supervised by the Soil Conservation Service (SCS).

The Water Management Board concluded that the funding by the ASCS and supervision by the SCS was not the type of supervision contemplated by Section 61–01–22, N.D.C.C. It therefore ruled that Persons' drainage ditch be closed. Persons appealed the decision of the Water Management Board to the District Court of Barnes County in accordance with the procedure provided for by Sections 61–16–36 through 61–16–39, N.D.C.C.

Persons served and filed a motion in limine in district court to limit the considerations at the trial to whether or not Persons complied with the drainage permit procedure as specified in Section 61–01–22, N.D. C.C., including whether or not they were within the statutory exception to the permit requirement. A day before the scheduled trial the district court heard the motion.

During the hearing, the parties stipulated that the drain exceeded 80 acres and was installed without a drainage permit. The only issue remaining for determination, therefore, was whether or not the appellants were exempt from the permit requirement because the drain was constructed with federal funds under federal supervision. The facts that the drain was built with federal agency funding and under federal agency supervision were also not disputed. The sole dispute on the appeal to the district court was thus narrowed to whether or not the federal involvement in this case exempted the drain from the permit requirement.

During the pretrial hearing, the district court indicated that it was not inclined to believe that the facts of federal involvement brought the case within the statutory exemption. The petitioners then moved the district court for dismissal of the appeal and the dismissal motion was granted by the court.

The district court's order dismissing the appeal is the subject of the appeal to this court.

Persons contend that their appeal to the district court was improperly dismissed during the pretrial hearing for two reasons. First, the court's order of dismissal was essentially an order for summary judgment and the procedures of Rule 56, N.D.R. Civ.P., were not followed. Secondly, Persons contend that the petitioners were not a party to the action and therefore were not allowed to bring a motion for summary judgment under Rule 56. As an alternative argument, Persons assert that if this court concludes that the procedural requirements were followed, the district court erred as a matter of law in concluding that their drain

did not fall within the exception to the permit requirement.

The Water Management Board contends that the complainants were real parties in interest and therefore had a right to move for dismissal. It also asserts that the motion for dismissal was not a motion for summary judgment, but rather a motion for failure to state a claim upon which relief could be granted under Rule 12(b), N.D.R. Civ.P. The Water Management Board therefore urges this court to affirm the district court's dismissal.

The petitioners contend that they are real parties in interest and urge this court to hold that the district court's standard of review was to determine whether or not the administrative body acted arbitrarily, capriciously, or unreasonably. They contend, therefore, that the district court's dismissal was neither a summary judgment nor a dismissal on the pleadings.

The petitioners assert that our decision in *Shaw v. Burleigh County*, 286 N.W.2d 792 (N.D.1979), requires the district court, in reviewing a determination of an administrative body, and the court in reviewing the district court's decision, to determine only whether or not the administrative body acted arbitrarily, capriciously, or unreasonably. They cite the following language for that proposition:

"In other words, the decision to issue or deny a special use permit, pursuant to county zoning ordinances, is a *legislative function* subject only to appellate review to determine whether or not the county's legislative body acted arbitrarily, capriciously, or unreasonably in reaching its decision." *Id.* at 797. [Emphasis added.]

We hold that the motion for dismissal in the instant case was, in substance, a request for summary judgment under Rule 56, N.D. R.Civ.P., and that the procedures of that rule were not followed. In so doing, we affirm our decisions in which we held that we will classify, for purposes of review, a decision by its substantive form rather than by its label. *Eck v. City of Bismarck*, 283 N.W.2d 193, 196 (N.D.1979).

The district court in this action termed the dismissal "something in line with such

as a summary judgment motion." The determinative factor, however, is the trial court's decision to dismiss included considerations beyond the pleadings, and is thus distinguishable from a motion for judgment on the pleadings as provided in Rule 12(c), N.D.R.Civ.P. Rule 12(c) states in relevant part:

> "If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, . . ." Rule 12(c), N.D.R.Civ.P.

■ The essential procedural requirements of Rule 56, N.D.R.Civ.P., are twofold. First, the only parties eligible to make the motion are the party seeking to recover upon a claim and the defending party. Rule 56(a) and (b), N.D.R.Civ.P. Secondly, the motion for summary judgment must be served upon the adverse party at least ten days before the time fixed for the hearing. Rule 56(c), N.D.R.Civ.P.

■ As to the first issue, we hold that the 50 petitioners who made the motion to dismiss are real parties in interest to this action. In the case of *Application of Bank of Rhame*, 231 N.W.2d 801 (N.D.1975), we held that any person who takes part in the proceedings and may be factually aggrieved by the decision of the agency is a party to the proceedings for, in that case, the purposes of taking an appeal from the decision. Although this case does not involve the Administrative Agencies Practices Act, we believe that because this action was commenced before a county administrative agency the case of *Application of Bank of Rhame* is sufficiently analogous to be pertinent in this action. In *Bank of Rhame* we stated that in matters before administrative agencies:

> "[I]t is common to entitle the proceedings 'IN THE MATTER OF _____.' Such entitlement does not serve as an aid in determining who is a party, except for the applicant, on which there is no question. The question of who are parties to the proceedings must be determined from the record rather than from the entitle-

ment of the proceedings. The information as disclosed by the record constitutes the basis upon which a determination can be made as to who are parties to the proceedings.

> "We believe that any person who is directly interested in the proceedings before an administrative agency who may be factually aggrieved by the decision of the agency, and who participates in the proceeding before such agency, is a 'party' to any proceedings for the purposes of taking an appeal from the decision." 231 N.W.2d at 808.

In the instant case, we believe there is very little, if any, question that the 50 petitioners participated in the proceedings, were parties having a direct interest in the subject matter, and claimed to be factually aggrieved by the proceedings. The 50 petitioners were the parties who caused this action to be commenced by filing a complaint with the Water Management Board. They are the parties who assert that they were directly aggrieved by Persons' drainage ditch. We therefore conclude that the 50 petitioners are parties to this action and, as such, had the right to move for summary judgment.

■ The second issue for this court to consider under Rule 56 is whether or not the ten-day-notice requirement was followed. The ten-day-notice requirement is unique to motions for summary judgment. Rule 56 was modeled after the Federal Rules and the language of the rule is identical to that found in the Federal Rule; therefore, an interpretation of the Federal Rule is relevant to our interpretation of Rule 56, N.D.R.Civ.P. *State v. Holy Bull*, 238 N.W.2d 52, 55 (N.D.1975).

The rationale for the identical time period for the Federal Rule is set forth below:

> "The extended time period for service of the motion is especially important in the Rule 56 context because it provides an opportunity for the opposing party to prepare himself as well as he can with regard to whether summary judgment should be entered. In theory, the additional time ought to produce a well-prepared and complete presentation on the

motion to facilitate its disposition by the court. In addition, since opposition to a summary judgment motion often is a difficult task, usually involving preparation of both legal and factual arguments as well as affidavits, and since the results of failure are drastic, it is felt that the additional time is needed to assure that the summary judgment process is fair." Wright & Miller, Federal Practice and Procedure: Civil § 2719. (Footnote omitted.)

The ten-day-notice requirement came before this court in *Albers v. NoDak Racing Club, Inc.*, 256 N.W.2d 355, 358 (N.D.1977). Although this court overturned a lower court judgment on other grounds, our opinion indicates that the sufficiency of notice is a consideration in determining the propriety of a summary judgment ruling.

■ A ruling of the Minnesota Supreme Court interpreted Rule 56 as imposing a mandatory ten-day-notice requirement absent a clear waiver by the adversary. *McAllister v. Independent School District No. 306*, 276 Minn. 549, 149 N.W.2d 81, 82 (1967). Because of the drastic consequences resulting from the failure to effectively oppose a motion for summary judgment as illustrated by the dismissal in this case, we believe the ten-day-notice requirement of Rule 56, allowing for proper preparation of factual and legal arguments and supporting affidavits, is critical to the Rule. We, therefore, hold that the 10-day-notice requirement of Rule 56 is mandatory, absent a waiver by the adversary. In so holding, we do not foreclose the possibility that there may be circumstances where there is a clear showing that the absence of a 10-day notice did not prejudice the opposing party, and therefore may not be absolutely necessary. *Kistner v. Califano*, 579 F.2d 1004, 1006 (6th Cir. 1978). (Noncompliance with the time provision of Rule 56 deprives the court of authority to grant summary judgment unless the opposing party has waived this requirement, or there has been no prejudice to the opposing party by the court's failure to comply with this provision of the rule.)

In this case, the oral motion for summary judgment was made against Persons at the hearing on Persons' motion in limine. There was no notice that the hearing deliberations would encompass the considerations of a summary judgment motion. Persons did not waive the 10-day-notice requirement. No affidavits were filed in conformity with Rule 56(e). A proper response to the motion for summary judgment should have included an affidavit, and, if desired, the affidavits could have been supplemented or opposed by depositions, answers to interrogatories, or further affidavits. Persons should have had the opportunity to make a proper response to the motion for summary judgment.

■ The summary judgment action is a determination of law based on fact and the purpose of the ten-day requirement is to allow the parties to submit affidavits which assert the relevant facts. In this case, the ten-day requirement was not followed and no affidavits were submitted. We therefore reverse the district court's order of dismissal and remand this action to that court for a hearing pursuant to the procedure established by Rule 56 of the North Dakota Rules of Civil Procedure.

Because of our decision that the procedures of Rule 56 were not followed, we do not reach the merits of the legal arguments concerning the drainage permit requirements of Section 61–01–22, N.D.C.C.

Reversed and remanded.

SAND, VANDE WALLE and PEDERSON, JJ., and BACKES, District Judge, concur.

BACKES, District Judge, sitting in place of PAULSON, J., disqualified.