**STATE of Minnesota, Respondent,**

v.

**$14,000 DOLLARS IN VARIOUS DENOMINATIONS OF UNITED STATES CURRENCY, Appellant.**

No. C4–83–1442.

Court of Appeals of Minnesota.

March 14, 1984.

Tracy R. Eichhorn-Hicks, Minneapolis, for appellant.

James B. Early, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Considered and decided by FOLEY, P.J., and WOZNIAK and SEDGWICK, JJ., with oral argument waived.

## OPINION

SEDGWICK, Judge.

This is an appeal from a denial of defendant's motion to vacate summary judgment entered in favor of the State. Defendant claimed the court should have set aside the judgment because of excusable attorney neglect pursuant to Minn.R.Civ.P. 60.02. We affirm.

### Facts

On November 3, 1981, Jeffrey and Elizabeth Bulgatz were arrested and charged with drug-related felonies. Their arrests were the culmination of a five-month investigation of a cocaine ring in the twin city area by special agents of the Bureau of Criminal Apprehension (BCA).

At the time of their arrests, pursuant to a search warrant, BCA agents found four twist-off oil cans in the trunk of Jeffrey Bulgatz's car; one can contained $14,000 in unmarked U.S. currency; two other cans contained plastic bags which contained traces of cocaine. The agents also found numerous drug notes, one cocaine tester, and a small amount of marijuana in Bulgatz's trunk.

After this money was seized, Jeffrey Bulgatz assigned any interest he had in it to his attorney for payment of legal services.

The Bulgatzes were convicted of the charges against them and sentenced to prison. Thereafter, the State of Minnesota commenced an action pursuant to Minn. Stat. § 152.19 (1982) for forfeiture of the $14,000 cash.

Both plaintiff and defendant filed cross motions for summary judgment. Plaintiff filed affidavits from two experienced narcotic agents from the BCA who opined that the $14,000 was money used or intended for use in drug transactions. They stated that it is common practice for drug dealers to use large quantities of cash in drug transactions; that it is a common practice among drug dealers involved in multiple cocaine transactions to store cash from prior transactions in a secret area or container near the drug supply for ready access in making their next cocaine buy; and that persons with income from drug deals as well as from legitimate sources often commingle funds.

In support of its motion, defendant submitted only one affidavit which did not contain any substantive evidence. The only other evidence submitted in opposition to the motion was defendant's answer, an unexecuted and unsworn "affidavit" and discovery documents. These documents alleged that the money was obtained from the sale of property and rental income. However, specific facts substantiating these allegations were not presented.

The trial court granted plaintiff summary judgment, because defendant presented no specific facts showing a genuine issue for trial.

### Issues

1. Was summary judgment properly granted in favor of respondent?

2. Did the trial court abuse its discretion in refusing to vacate summary judg-

ment based on a claim of attorney neglect under Minn.R.Civ.P. 60.02(1) where defendant's attorney failed to submit appropriate affidavits opposing summary judgment, and failed to submit an appropriate affidavit pursuant to Minn.R.Civ.P. 56.06 stating reasons why a continuance was needed?

3. When money is subject to forfeiture pursuant to Minn.Stat. § 152.19, may the drug dealer avoid forfeiture by assigning his interest in the money to his attorney?

### Analysis

■ (1) Summary judgment is proper only where there are no genuine issues of material fact. Minn.R.Civ.P. 56.03. In determining whether genuine issues of fact exist, the pleadings, depositions, answers to interrogatories, admissions on file and affidavits may be considered.

Affidavits, however, must be made on personal knowledge and must show affirmatively that the affiant is competent to testify to the matters stated. Minn.R. Civ.P. 56.05.

Here, two days after the hearing, a member of defendant's attorney's law firm submitted an affidavit with an attached copy of an unexecuted and unsworn "affidavit" of Jeffrey Bulgatz stating that it was being mailed to him in prison for his signature. This was the only supporting material filed on defendant's behalf.

Minn.R.Civ.P. 56.03 requires opposing affidavits be served before the day of hearing. However, Rule 56.06 provides an exception for submitting affidavits later if a party cannot obtain them in time for the hearing by filing an affidavit requesting a continuance.

Defendant failed to either submit timely opposing affidavits or file an affidavit pursuant to Rule 56.06 requesting a continuance.

Rule 56.05 provides that:

an adverse party may not rest upon the mere averments or denials of his pleading but must present specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judg-

ment, if appropriate, shall be entered against him.

■ At the time of the motion hearing defendant had submitted nothing establishing specific facts which create genuine issues of fact for trial. Therefore, summary judgment was properly entered for plaintiff.

(2) Defendant's attorney argues that summary judgment is too harsh a penalty since his failure to submit appropriate affidavits was due to excusable neglect.

Minn.R.Civ.P. 60.02 allows reconsideration of an order where there exists:

(1) Mistake, inadvertence, surprise, or excusable neglect; ... or (6) any other reason for justifying relief from the operation of the judgment.

■ Four conditions must be met before a court can properly set aside a judgment for attorney neglect under Rule 60.02. The moving party must (1) possess a reasonable defense on the merits, (2) have a reasonable excuse for the failure or neglect involved, (3) have acted with due diligence after notice of the entry of judgment, *and* (4) show that no substantial prejudice will result to the other party. *Finden v. Klaas*, 268 Minn. 268, 128 N.W.2d 748 (1964) as cited in *Edin v. Jostens*, 343 N.W.2d 691 (Minn.App.1984).

■ Defendant's attorney contends that his failure to submit Jeffrey Bulgatz's affidavit before the hearing was reasonable because communication was difficult and slow since Bulgatz was in prison in Kansas. However, the evidence shows that defendant's attorney had more than six months from the commencement of the forfeiture action to get Bulgatz's affidavit executed, sworn, and filed with the court before the motion hearing. Therefore, we believe defendant does not have a reasonable excuse for the neglect involved here.

Furthermore, a failure to submit an affidavit pursuant to Rule 56.06 requesting a continuance does not constitute *excusable* attorney neglect. *Boulevard Del, Inc. v. Stillman*, 343 N.W.2d 50 (Minn.App.1984).

(3) Defendant's attorney argues that he has a bona fide security interest in the $14,000 cash because it was assigned to him before the commencement of the forfeiture proceedings. However, one can not have a security interest in money. Minn. Stat. § 336.9–105 (1982) does not specify cash as something which is properly subject to a security interest.

An assignee stands in the shoes of the assignor and has no greater interest in the money than the assignor had. *Marquette Appliances Inc. v. Economy Food Plan*, 256 Minn. 169, 97 N.W.2d 652 (1959). Since Bulgatz's interest in the money became contingent once it was seized, all that was assigned to defendant's attorney was a contingent interest, subject to the outcome of the forfeiture action. Therefore, defendant's attorney has no interest in this money.

### Decision

Where defendant's attorney fails to submit either appropriate affidavits in opposition to summary judgment or affidavits requesting a continuance of the hearing, there is no excusable attorney neglect to justify setting aside judgment. The trial court correctly entered summary judgment that defendant's attorney had no security interest in money assigned to him by a client whose interest was subject to the outcome of forfeiture proceedings.

Affirmed.