Walter R. ANDERSON, Appellant,

v.

**FIRST NORTHTOWN NATIONAL BANK, et al., Respondents.**

No. C8-84-1597.

Court of Appeals of Minnesota.

Jan. 22, 1985.

James A. Lundberg, Minneapolis, for appellant.

Brian E. Palmer and Joseph H. Andersen, Minneapolis, for respondents.

Considered and decided by SEDGWICK, P.J., and FOLEY and CRIPPEN, JJ., with oral argument waived.

## OPINION

FOLEY, Judge.

Appellant Walter R. Anderson appeals the decision of the trial court to dismiss his complaint for failure to state a claim upon which relief can be granted.

We affirm.

## FACTS

Appellant Walter R. Anderson is president and sole shareholder of Lakeland Development Corporation (Lakeland). Lakeland gave a first mortgage on certain real estate it owned to the bank. Lakeland defaulted on its obligations to the bank, which foreclosed its mortgage. Lakeland also borrowed money from Spring Lake Park Partnership (the partnership). The partnership agreed to purchase the land from the bank in the event that Lakeland failed to redeem the land from the mortgage foreclosure. Lakeland did not redeem, but instead, it filed a petition for bankruptcy in November 1982.

In January 1983, Lakeland sued the bank in bankruptcy court, seeking to extend the redemption period with respect to the land. On February 16, 1983, the bankruptcy court denied Lakeland's request, holding that the redemption period had expired. In order to forestall a possible appeal of that order by Lakeland, Lakeland, the bank and the partnership entered into a stipulation and order.

The stipulation provided and the bankruptcy court held in its order, that the redemption period regarding the land had expired; that all right, title and interest in the land had therefore vested in the bank; and that neither Lakeland nor any person claiming through it had any additional rights in the land. As consideration for Lakeland's agreement not to appeal from the terms of the stipulation and order, the bank gave Lakeland an option to purchase the land. Lakeland did not make or tender any payments to the bank pursuant to the option, which expired on August 31, 1983.

Appellant as an individual never owned the land and was not a party to the stipulation and order or the option given pursuant thereto, although he did sign those documents on behalf of Lakeland.

Appellant initiated this state court action by complaint dated October 17, 1983, alleging that he personally had an interest in the land, subject only to an equitable mortgage evidenced in the stipulation and order. He also alleged that the bank injured him by alleged breaches of the contract evidenced by the stipulation and order and by alleged misrepresentation, interference with contract rights, and breaches of fiduciary duties with respect to that contract. Lakeland was not a party to the complaint.

By motion of February 13, 1984, appellant asked the trial court to order Lakeland joined as a party plaintiff. Respondents also made a motion that the state court dismiss appellant's complaint for failure to state a claim upon which relief may be granted. The trial court denied appellant's motion and dismissed appellant's claim.

## ISSUE

Did the trial court err by denying appellant's motion to join Lakeland Development Corporation as a plaintiff and dismissing appellant's complaint?

## ANALYSIS

The trial court characterized this case as follows:

The crux of this case appears to be an unconscionable attempt by the plaintiff, as the controlling shareholder in a company that formerly owned land mortgaged to the defendants, to retain an interest in that land long after his company exhausted the statutorily prescribed remedies available under Minnesota real estate law and the United States Bankruptcy Code. The plaintiff's arguments in this respect are clearly without merit.

■ By his own admission, appellant has never individually been the owner of the land that is the subject of this lawsuit, nor was he a party to the stipulation and order nor to the option granted thereunder. He therefore has no standing in this dispute.

■ The trial court properly stated that appellant is not entitled to raise the various claims of wrongdoing. Strangers to a contract acquire no rights under such a contract. *See Northern National Bank v. Northern Minnesota National Bank,* 244 Minn. 202, 208, 70 N.W.2d 118, 123 (1955). If no intent to benefit is shown, a beneficiary is no more than an incidental beneficiary and cannot enforce the contract. *Buchman Plumbing Co., Inc. v. Regents of the University of Minnesota,* 298 Minn. 328, 334–35, 215 N.W.2d 479, 483–484 (1974). In any event, appellant is estopped by his conduct as president and sole shareholder of Lakeland from asserting individual rights to the land. *See In the Matter of the Welfare of J.B.S.,* 267 N.W.2d 183 (Minn.1978).

## DECISION
We affirm the decision of the trial court.