**Randall L. BUSH, Appellant,**

v.

**CITY OF LAKEFIELD, Minnesota, et al., Respondents.**

**No. C6–86–1294.**

Court of Appeals of Minnesota.

Jan. 13, 1987.

Review Denied March 18, 1987.

Phillip Resnick and Michael B. Sokol, Resnick, Bartsh & Sokol, Eden Prairie, for appellant.

Thomas A. Harder, Erickson, Zierke, Kuderer, Myster, Madsen & Wollschlager, P.A., Fairmont, for respondents.

Heard, considered and decided by POPOVICH, C.J., and WOZNIAK and FORSBERG, JJ.

## OPINION

FORSBERG, Judge.

Appellant sued respondent, seeking reimbursement of attorney's fees incurred in successfully defending criminal charges arising out of appellant's employment. Respondents brought a motion to dismiss under Rule 12 of the Minnesota Rules of Civil Procedure, on the basis that the complaint failed to state a claim on which relief could be granted and submitted matters outside the pleadings for the court's consideration. The trial court granted respondents' motion and ordered the complaint dismissed with prejudice. Appellant appeals from the entry of judgment on that order.

## FACTS

On October 17, 1984, appellant Randall Bush was indicted on assault charges aris-

ing from an incident which occurred while he was performing his duties as Chief of Police for the city of Lakefield. Following the indictment, in November or December, appellant attended a city council meeting at which he alleged the city attorney and city council agreed to reimburse him for attorney's fees incurred in defense of the criminal charges. No formal resolution authorizing reimbursement was passed or even discussed at that time.

Appellant went forward with his defense and was acquitted of the assault charges on September 11, 1985. He subsequently submitted a bill for attorney's fees to the city council. The council, whose membership had changed during the interim, refused to reimburse appellant for his attorney's fees. On September 25, 1985, the city council formally resolved not to pay appellant's attorney's fees.

Appellant brought an action against the city, the mayor, the individual members of the city council and the city attorney seeking reimbursement for attorney's fees for which he allegedly had been promised. Appellant's complaint alleged various forms of breach of contract, including breach of a contract implied-in-law based on Minn.Stat. § 465.76, which authorizes reimbursement of a city employee's legal fees incurred in the successful defense of a criminal action. Respondents brought a motion to dismiss under Rule 12, Minn.R.Civ.P., on the ground that the complaint failed to state a cause of action for which relief could be granted. The trial court granted respondents' motion and dismissed the complaint with prejudice.

## ISSUES

1. Should the judgment of the trial court be reviewed as the granting of a motion to dismiss under Rule 12 or summary judgment under Rule 56?

2. Did the trial court err in granting respondents' motion for summary judgment?

## ANALYSIS

### I.

On a motion to dismiss for failure to state a claim upon which relief may be granted the trial court may not go outside the pleadings, but must examine only the claim as stated by the party asserting it. *Northern States Power Co. v. Franklin,* 265 Minn. 391, 396, 122 N.W.2d 26, 30 (1963). In contrast, the parties and the court have great flexibility regarding the evidence considered in a Rule 56 proceeding. Rule 56.03 Minn.R.Civ.P. However,

> If, on a motion asserting the defense that the pleading fails to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Rule 12.02 Minn.R.Civ.P. By operation of this provision, a Rule 12 motion is converted to a Rule 56 motion if matters outside the pleadings are considered to resolve the motion. The conversion is automatic, but the Rule 56 notice and other procedural requirements must be met.

In this case, the motion was brought and heard as a Rule 12 motion to dismiss. However, in a post-hearing responsive memorandum, respondents requested that the motion be treated as one for summary judgment and submitted affidavits and other evidence for the court's consideration. In its order determining the matter, the trial court identified the motion as one brought under Rule 12, but it is clear from the "comments" accompanying the order that the trial court based its decision on matters outside the pleadings.

By considering matters outside the pleadings, the trial court converted the Rule 12 motion to a Rule 56 motion for summary judgment. As stated earlier, this is perfectly acceptable, as long as the notice requirements for Rule 56 are met. Rule 56.-

03 Minn.R.Civ.P. requires that a motion for summary judgment be served at least 10 days before the time fixed for hearing. This minimum 10 day period is mandatory unless waived by the parties. *McAllister v. Independent School Dist. No. 306,* 276 Minn. 549, 149 N.W.2d 81 (1967).

■ Here, the request that the motion be considered as one for summary judgment came in respondents' post-hearing responsive memorandum. The trial court gave appellant the opportunity to reply to respondents' post-hearing memorandum and imposed no time strictures on submitting that reply, but appellant chose not to avail himself of that opportunity. By doing so, appellant waived any objection to respondents' request that the motion be treated as one for summary judgment, and to the lack of strict adherence to the pre-hearing notice requirements of Rule 56.03.

## II.

On appeal from a summary judgment, this court must determine whether there are any genuine issues of material fact and whether the trial court erred in its application of the law. *Betlach v. Wayzata Condominium,* 281 N.W.2d 328 (Minn.1979). Here, appellant alleges various forms of breach of contract based on Minn.Stat. § 465.76 and on statements and actions of the respondents at city council meetings.

It is important to note in this context Rule 56.05 of the Minnesota Rules of Civil Procedure, which provides in part:

> When a motion for summary judgment is made and supported as provided in Rule 56, an adverse party may not rest upon the mere averments or denials of his pleading but must present specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

■ This portion of the rule is designed to require defending parties to produce facts in support of their pleading allegations. *See State v. $14,000 Dollars in Various Denominations of United States*

*Currency,* 345 N.W.2d 277, 280 (Minn.Ct. App.1984). *See generally* Herr and Haydock, 2a *Minnesota Practice* 102–03. An adverse party may not rely on allegations or denials in a pleading to create fact issues. *Rosvall v. Provost,* 279 Minn. 119, 124, 155 N.W.2d 900, 904 (1968). A party must specifically identify the existence of triable issues of fact beyond pleading allegations. *Papenhausen v. Schoen,* 268 N.W.2d 565, 571 (Minn.1978).

■ In this case, in support of their motion for summary judgment respondents submitted affidavits and official minutes from council meetings which evidenced a total lack of discussion or approval of reimbursement to appellant for attorney's fees in addition to evidence illustrating the discretionary nature of § 465.76. Besides the complaint, appellant submitted no evidence to show that any agreement was made or that any discussion took place between appellant and respondents regarding reimbursement to appellant, and failed to produce any evidence to support the argument that § 465.76 mandated reimbursement in this case. Consequently, there is no factual basis to support appellant's claims of breach of contract.

While disagreement over a material issue of fact is the crux of this entire case, appellant's unfortunate failure to present any evidence to support the contract claims presented in his complaint precludes the finding of any factual basis for his claims. Summary judgment is proper under these circumstances.

## DECISION

Appellant failed to establish an issue of material fact for trial and the trial court correctly dismissed the case.

Affirmed.