REXTON, INC., Appellant,

v.

STATE of Minnesota, John W. Haggerty, Respondents.

No. C3–94–407.

Court of Appeals of Minnesota.

Sept. 6, 1994.

Jerome S. Rice, Mark W. Peery, Mahoney, Hagberg & Rice, Ltd., Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Mary Jo Murray, Steven H. Alpert, Asst. Atty. Gens., St. Paul, for respondents.

Considered and decided by DAVIES, P.J., and LANSING and FORSBERG, JJ.

## OPINION

FORSBERG, Judge.

Rexton, Inc. submitted a bid to supply hearing aids to respondent State of Minnesota, but its bid was rejected as untimely. Rexton appeals the trial court's denial of its complaint for declaratory judgment, petition for alternative writ of mandamus, and motions for a temporary restraining order, or a

temporary injunction and dismissal of its case with prejudice. We affirm.

## FACTS

The State of Minnesota buys hearing aids for the state through the Department of Administration (department). On October 12, 1993, the department sent a letter to various manufacturers of hearing aids, informing them that the state's current purchasing contract was to expire in April 1994, and reminding them that they needed to have a current Human Rights Certificate from the Minnesota Department of Human Rights if they planned to bid on the new contract. Appellant, a manufacturer of hearing aids in Plymouth, Minnesota, received one of these letters. Appellant supplied hearing aids to the state under the contract then in force.

On December 1, 1993, the department mailed its Request for Proposal for the Minnesota Hearing Aid Volume Purchase Contract (RFP) to all vendors of hearing aids, including appellant. The front page of the RFP specifically stated that sealed Proposals "must be received * * * and time stamped not later than *2:00 P.M.* o'clock *December 21, 1993.*" (Emphasis in original.)

Nine proposals were received by the department before the 2:00 p.m. deadline on December 21. At 2:00 p.m., an employee of the department announced "Hearing Aids" in the entryway of the department's offices. No bidders were present for the opening of the bids. The employee then left the entryway and went to the bid room.

After the employee left, a driver from Dependable Courier arrived in the entryway and handed a package containing appellant's bid to the clerk on duty. The clerk immediately time-stamped the package. The timestamp read "2:01 p.m." The driver wrote "14.01" as the arrival time on the delivery manifest. The clerk signed the manifest, and handed the package back to the driver, informing him it could not be accepted.

The driver later maintained that his efforts to deliver the package were hampered by adverse weather and poor road conditions, but a report from the National Weather Service established there was only an inch of snow in the Twin Cities on December 21. The driver also claimed that, by his watch, he believed he had placed the bid package in the clerk's hands by 2:00 p.m. It was determined, though, that the department's timestamp clock was accurately set to the clock at the National Weather Service.

On January 12, 1994, appellant's counsel sent a letter to the department, requesting that appellant's bid be accepted. By this time, the other bids had been opened and were being evaluated. The department's Director of Materials Management, responsible for enforcing bid requirements, confirmed the accuracy of the department's clock, reviewed the bid advertisement, and confirmed that nine timely proposals had been received. He concluded that none of those who wished to bid had any outside impediment and that the department had, to the best of its ability, provided a fair and common ground for all competitors. On January 14, 1994, the director informed appellant's counsel that appellant's bid had been rejected as untimely, and again returned the bid proposal unopened.

On January 21, 1994, appellant filed a Petition for Alternative Writ of Mandamus and Complaint, seeking a declaratory judgment that the department's refusal to consider its bid was arbitrary and capricious. Appellant also served a motion for a Temporary Restraining Order and a Temporary Injunction. The matter was set for hearing on January 24. The department filed motions in opposition, requesting that the relief sought by appellant be denied in all respects, and that the matter "be dismissed."

The matter was argued before the trial court on January 24, and the trial court issued its findings of fact, conclusions of law, and order for judgment on the same day. The trial court denied the relief sought by appellant and dismissed the matter with prejudice. The order was filed on January 24, and no objections or motions were filed regarding the order or any of its findings or conclusions. Judgment was entered February 10, 1994.

## ISSUES

1. Did the trial court err by treating respondent's motion as a motion for summary judgment?

2. Did the trial court err by granting respondent's motion for summary judgment?

3. Did the trial court err by denying appellant's motion for a temporary injunction?

## ANALYSIS

1. Appellant argues dismissal was improper here because respondent's motion was heard with less than 10 days notice. Respondent's request for dismissal of the action was a request for judgment on the pleadings under Minn.R.Civ.P. 12.03. Because matters outside the pleadings were presented by both parties, and not excluded by the court, respondent's request for dismissal was treated as a motion for summary judgment. *See* Minn.R.Civ.P. 12.02.

■ A motion for summary judgment must be served at least 10 days before the time fixed for hearing. Minn.R.Civ.P. 56.03. The 10-day period is mandatory unless waived by the parties. *Bush v. City of Lakefield,* 399 N.W.2d 169, 172 (Minn.App.1987) (citing *McAllister v. Independent Sch. Dist. No. 306,* 276 Minn. 549, 149 N.W.2d 81 (1967)), *pet. for rev. denied* (Minn. Mar. 18, 1987). Here, both parties argued the merits of their positions and referred to the various affidavits submitted to the court. Appellant made no objection to the timeliness of respondent's request for dismissal, and made no request to present additional evidence to oppose summary judgment. Appellant also made no objection between January 24, when the trial court's order was dated, and February 10, when judgment was entered. Thus, appellant has waived its objection to the lack of strict adherence to the notice requirement for summary judgment. *See Wurm v. John Deere Leasing Co.,* 405 N.W.2d 484, 487 (Minn.App.1987); *see also City of Lakefield,* 399 N.W.2d at 172. The trial court properly considered respondent's motion as one for summary judgment.

■ 2. Appellant argues that summary judgment was not proper because there were genuine issues of material fact in dispute.

"On appeal from a summary judgment, this court must determine (1) whether there are any genuine issues of material fact, and (2) whether the trial court erred in its application of the law." *City of Virginia v. Northland Office Properties,* 465 N.W.2d 424, 427 (Minn.App.1991), *pet. for rev. denied* (Minn. 1991). Appellant's delivery driver stated that, according to his watch, he handed the bid package to the department's clerk before 2:00 p.m. Appellant argues this presents a genuine issue as to whether its bid was in fact late. We disagree. There can be no dispute here because the department's clock was checked for accuracy and the bid was stamped at 2:01. The delivery driver himself wrote "14:01" as the delivery time on the manifest. Any claim the bid was delivered before 2:00 is based on pure speculation.

■ Appellant also argues the trial court erred in its legal conclusion that the department's refusal to consider its bid was not arbitrary and capricious. "On appeal, this court need not defer to the trial court's conclusion when reviewing questions of law." *County of Lake v. Courtney,* 451 N.W.2d 338, 340 (Minn.App.1990), *pet. for rev. denied* (Minn.1990).

■ The trial court held that the department had authority to reject bids that are not timely filed pursuant to Minn.Stat. § 16B.07, subd. 3 (1992). Appellant argues this section imposes no requirement upon bidders to timely submit their bids; it only requires that their bids be sealed and that the bids be opened and read in public at the hour stated in the notice. We find appellant's argument unpersuasive. A requirement that bids be opened and read at the hour stated in the notice by necessary implication requires that all bids be timely submitted. In any event, state rules require the department to return late bids to the bidders unopened. Minn.R. 1230.0700, subpt. 1 (1993).

Appellant argues alternatively that the department is not required to reject bids that substantially comply with the stated requirements. Under state rules, the state has reserved the right to waive minor deficiencies or informalities in bids. Minn.R. 1230.0700, subpt. 4. Appellant's interpretation of this

subpart, however, would place it in conflict with subpart 1 and section 16B.07. This court construes statutes and rules so as to give effect to each section. *See* Minn.Stat. §§ 645.001, 645.17(2) (1992). The failure to submit a timely bid cannot be a "minor deficiency" to be waived in the judgment of the department's director. *See* Minn.R. 1230.-0700, subpt. 4.

Appellant argues that case law supports its argument that bids submitted shortly after the deadline can be accepted. *See Nielsen v. City of St. Paul,* 252 Minn. 12, 88 N.W.2d 853 (1958). *Nielsen* is inapposite, though, because that case was concerned with a municipal bidding law, not Minn.Stat. § 16B.07 or Minn.R. 1230.0700. *Nielsen* can be further distinguished on its facts. In *Nielsen,* the bidder could not drive up to City Hall because the street was blocked off. And, the location of the bidding room had been moved, without notice, to another floor. *Nielsen,* 252 Minn. at 14–15, 88 N.W.2d at 856. This cannot compare with "poor road conditions" of only one inch of snow. In any event, *Nielsen* is more properly analyzed in terms of whether discretion should be exercised once it has been shown that discretion to accept a late bid is permitted. *See Nielsen,* 252 Minn. at 18–21, 88 N.W.2d at 858–60.

The trial court properly concluded that the department did not have the discretion to accept late bids. As there were no genuine issues of material fact, the department was entitled to judgment as a matter of law.

■ 3. Appellant argues the trial court abused its discretion in denying appellant's motion for a temporary injunction. Injunctive relief is examined under an abuse of discretion standard. *Eakman v. Brutger,* 285 N.W.2d 95, 97 (Minn.1979).

> Since an injunction is an equitable remedy, the party seeking an injunction must clearly establish that his legal remedy is inadequate.

*Oxford Dev. Minn., Inc. v. County of Ramsey,* 428 N.W.2d 434, 437 (Minn.App.1988) (citing *Borom v. City of St. Paul,* 289 Minn. 371, 376, 184 N.W.2d 595, 598 (1971)). Appellant has made no showing that an award of monetary damages would be inadequate

compensation. The denial of appellant's motion for a temporary injunction was within the trial court's discretion.

## DECISION

The trial court properly granted summary judgment for respondent. Denial of appellant's motion for injunctive relief was within the trial court's discretion.

**Affirmed.**