**NORTH STAR STATE BANK OF ROSEVILLE, Appellant,**

v.

**NORTH STAR BANK MINNESOTA, Respondent.**

No. C1–84–1991.

Court of Appeals of Minnesota.

April 9, 1985.

David R. Fairbairn, Jo M. Fairbairn, James L. Young, Kinney & Lange, Minneapolis, for appellant.

Steven C. Schroer, Karen L. Loeffler, Minneapolis, for respondent.

## OPINION

HUSPENI, Judge.

North Star State Bank of Roseville appeals from a November 2, 1984 order denying its motion to modify a prior injunction. The motion was based upon a new cause of action contained in its amended complaint and upon new evidence. North Star State Bank contends that (1) the trial court abused its discretion by refusing to grant its motion for a temporary injunction enjoining the use by North Star Bank Minnesota of the words "North" and "Star" together in a bank name or service mark; and (2) the district court erred by not amending the injunctive relief based on new evidence. We affirm.

## FACTS

The facts which form the basis for this appeal are the same as those which form

the basis for an earlier appeal of the temporary injunction. They are set forth in *North Star State Bank of Roseville v. North Star Bank Minnesota*, 361 N.W.2d 889 (Minn.Ct.App.1985) (North Star I).

## ISSUES

1. Is it necessary to consider whether North Star State Bank of Roseville is likely to prevail on the merits of its Lanham Act claim?

2. Did the trial court abuse its discretion by refusing to grant North Star State Bank of Roseville's motion to enjoin North Star Bank Minnesota's use of the words North Star?

3. Is an order denying a motion to modify an injunction based on new evidence an appealable order?

## ANALYSIS

1. The trial court issued and amended a temporary injunction against North Star Bank Minnesota on August 2 and August 3, 1984, respectively, and modified and clarified it on October 22, 1984. North Star Bank Minnesota appealed from the orders granting, amending, modifying, and clarifying the temporary injunction. *North Star I*. North Star State Bank of Roseville sought review of the orders. *Id.*

On August 3, 1984, North Star State Bank of Roseville amended its complaint against North Star Bank Minnesota by adding another cause of action. It alleged North Star Bank Minnesota's use of the name North Star violates Section 43(a) of the Lanham Act, 15, U.S.C. § 1125(a). It moved pursuant to Rules 60 and 65 of the Rules of Civil Procedure for a modification of the temporary injunction based on the new cause of action and newly-discovered evidence. In a November 2, 1984 order, the trial court affirmed its temporary injunction of October 22, 1984, effectively denying the motions made pursuant to Rules 60 and 65. This appeal is from the November 2, 1984 order.

■ We initially questioned whether the appeal was properly taken from an appealable order and requested briefing by the parties. In a December 19, 1984 order, we

ruled an appeal based on a new cause of action is taken from an appealable order. If we had decided that the order was nonappealable, then we would have eliminated any opportunity for North Star State Bank of Roseville to appeal with regard to the Lanham Act claim. Therefore, we concluded that the trial court's order was in the nature of an order which refused an injunction and thus was appealable. *See* Minn.R. Civ.P. 103.03(b).

■ In *North Star I*, issued on February 5, 1985, we held the trial court did not abuse its discretion by determining that North Star State Bank of Roseville would likely prevail on the merits with regard to its common law trademark infringement and unfair competition claims. We concluded that, since North Star State Bank of Roseville made a sufficient showing with regard to the first of its claims, it was unnecessary to consider the merits of the remainder of its claims in order to affirm the granting of the temporary injunction. This same reasoning is applicable to this appeal. Since we affirmed the granting of the temporary injunction in *North Star I*, it is unnecessary to consider the claim based on the Lanham Act. The temporary injunction continues in effect because North Star State Bank of Roseville prevailed in *North Star I*.

■ 2. North Star State Bank of Roseville contends that the trial court abused its discretion by refusing to grant its motion for a temporary injunction enjoining the use by North Star Bank Minnesota of the words "North" and "Star" together in a bank name or service mark. This issue was effectively decided in *North Star I* where North Star State Bank of Roseville contended that the trial court abused its discretion by not restoring the parties to the status quo ante.

A temporary injunction serves to maintain the status quo between the parties until their rights can be decided by a trial on the merits. *Pickerign v. PASCO Marketing Inc.*, 303 Minn. 442, 444, 228 N.W.2d 562, 564 (1975). However, a court "has the power to shape relief in a

manner which protects the basic rights of the parties, even if in some cases it requires disturbing the status quo." *Cox v. Northwest Airlines*, 319 F.Supp. 92, 95 (D.Minn.1970).

*North Star I.* The trial court did not abuse its discretion because it fashioned relief which protects the investments of both parties until an ultimate trial on the merits of the main action. *Id.*

■ 3. North Star State Bank of Roseville further contends that the district court erred by not amending the injunctive relief based on new evidence. In our December 19, 1984 order, we ruled that an appeal based on a new cause of action is taken from an appealable order because it was in the nature of an order refusing an injunction. However, an order denying a motion to modify an injunction based on new evidence is not an appealable order. Minn. Civ.App.P. 103.03(b). Therefore, we will not consider whether the district court erred by not modifying the injunctive relief based on new evidence.

### DECISION

It is unnecessary to consider the merits of North Star State Bank of Roseville's Lanham Act claim because North Star State Bank of Roseville prevailed in *North Star I* and a temporary injunction continues in effect against North Star Bank Minnesota. A trial court does not abuse its discretion by fashioning relief which protects the investment of both parties. An order denying a motion to modify an injunction based on new evidence is not an appealable order.

Affirmed.