**TONKA CORPORATION, Appellee,**

v.

**TONK–A–PHONE, INC., Robert Albertson, d/b/a Tonka Tools, Inc., Appellants.**

No. 86–5056.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 13, 1986.

Decided Nov. 17, 1986.

Rehearing Denied Dec. 29, 1986.

Richard O. Bartz, Minneapolis, Minn., for appellants.

D. Randall King, St. Paul, Minn., for appellee.

Before McMILLIAN and ARNOLD, Circuit Judges, and NICHOL,* District Judge.

PER CURIAM.

Tonk-A-Phone, Inc., Tonka Tools, Inc. and Robert V. Albertson (hereafter appellants or Tonk-A-Phone) appeal from final judgment entered against them by the District Court[1] for the District of Minnesota in an action brought by Tonka Corporation (hereafter Tonka Toys) for trademark infringement. Tonka Toys claimed that appellants' use of the name "Tonk-A-Phone" on pay telephones and their use of the "Tonka" mark was so similar to Tonka

---

* The Honorable Fred J. Nichol, United States Senior District Judge for the District of South Dakota.

1. The Honorable Robert G. Renner, United States District Judge for the District of Minnesota.

Toys' registered "Tonka" trademark that it was likely to cause confusion, deception and mistake as to the origin of Tonk-A-Phone products. Tonka Toys also alleged that Tonk-A-Phone had falsely and deceptively represented their products as being associated with Tonka Toys. The district court concluded that (1) Tonk-A-Phone had infringed the "Tonka" trademark and falsely designated the origin of their products and services in violation of the Lanham Act, 15 U.S.C. § 1051 *et seq.*, (2) Tonk-A-Phone had unfairly competed with Tonka Toys under common law principles, and (3) Tonk-A-Phone had engaged in deceptive trade practices in violation of the Minnesota Deceptive Trade Practices Act, Minn.Stat. § 325D.42 *et seq.* (1984). The district court awarded Tonka Toys $250,-319.22 in damages, plus reasonable attorney's fees and costs, and also permanently enjoined appellants from using the "Tonka" trademark or name. *Tonka Corp. v. Tonka Phone Inc.; Robert Albertson; and Tonka Tools, Inc.*, No. 3–83–1544, slip. op. at 18–20 (D.Minn., Dec. 30, 1985) [Available on WESTLAW, DCTU database] (memorandum opinion and order).

For reversal, Tonk-A-Phone argues that (1) the factual findings of the district court were clearly erroneous, (2) the award of damages was also erroneous because there was no proof Tonk-A-Phone had made profits during the period of trademark infringement, (3) the award of attorney's fees and costs under the Minnesota Deceptive Trade Practices Act was erroneous because the state law is preempted by federal law, and (4) the injunction issued was overbroad and an abuse of discretion. For the reasons stated below, we affirm.

■ We will uphold the factual findings of the district court unless they are clearly erroneous. Fed.R.Civ.P. 52(a). Tonk-A-Phone contends the evidence in the record does not support the district court's findings on the issues of likelihood of confusion and false and deceptive conduct. We note that the district court made extensive and detailed factual findings in this case. We have carefully reviewed the record and conclude that these findings, which support the district court's determination that Tonk-A-Phone had infringed Tonka Toys' registered trademark and engaged in false and deceptive conduct, are substantially supported by the evidence and are not clearly erroneous.

■ We further conclude that the district court's award of damages was not clearly erroneous. Tonk-A-Phone argues it was improper to award damages in this case because Tonk-A-Phone made no profits from the trademark infringement. Under the Lanham Act, a plaintiff may recover as damages for trademark infringement (1) the defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action. 15 U.S.C. § 1117(a). The defendant bears the burden in calculating profits of proving any operating costs to be deducted from sales revenue it realized during the period of trademark infringement. *Id.* Tonk-A-Phone's claim that it made no profit in the 1983–84 and 1984–85 fiscal years is not supported by the evidence it provided to the district court. Notwithstanding appellants' failure to sustain this evidentiary burden, the district court factored-in Tonk-A-Phone's operating costs when it calculated the company's profits during the relevant period by relying on evidence already in the record. In our view, the district court made a reasonable and appropriate damages calculation in this case. We hold the award of damages by the district court is not clearly erroneous.

■ Tonk-A-Phone next challenges the award of attorney's fees to Tonka Toys under the Minnesota Deceptive Trade Practices Act (the MDTA), Minn.Stat. § 325D.45 (1984). The MDTA permits an award of attorney's fees to a prevailing party if the trademark infringement is knowingly and willfully deceptive. *Id.* Tonk-A-Phone argues the attorney fees provision of the MDTA is preempted by the Lanham Act, which provides for an award of attorney's fees only in an "exceptional case." 15 U.S.C. § 1117(a). The district court made no express finding that this was an "exceptional case." We are not persuaded that

the state law conflicts with the federal scheme of trademark regulation under the Lanham Act and we therefore conclude that the attorney fees provision of the MDTA is not preempted by federal law. We further conclude the district court did not err in determining that Tonk-A-Phone's use of the "Tonka" trademark and name met the criteria for an award of fees under the MDTA.

Finally, we reject Tonk-A-Phone's claim that in enjoining appellants' use of the "Tonka" trademark or name, the district court abused its discretion. In issuing an admittedly broad injunction, the district court reasoned that this breadth was necessary in light of Tonk-A-Phone's deliberate and continuing appropriation of the "Tonka" trademark and name. We agree with this rationale and hold the injunction issued in this case was not an abuse of the district court's discretion.

In summary, because we find no merit to any of appellants' claims of error, we affirm the judgment of the district court.