Stephen CLAYBOURNE, et
al., Appellants,

v.

Si IMSLAND, et al., Respondents.

No. C3–87–1151.

Court of Appeals of Minnesota.

Oct. 27, 1987.

Frank Claybourne, Doherty, Rumble &
Butler, St. Paul, for appellants.

Chester D. Swenson, Gunderson, Swenson & Zander, Albert Lea, for respondents.

Heard, considered and decided by
POPOVICH, C.J., and RANDALL and
STONE,* JJ.

## OPINION

POPOVICH, Chief Judge.

This is an appeal of a judgment and its
amendment under the Uniform Deceptive
Trade Practices Act. Appellants argue an
injunction permitting limited use of a deceptive trade name is an abuse of discretion by the trial court. Appellants seek a
permanent and total ban of any use of the
deceptive name and allege that any other
remedy denies them the relief to which
they are entitled under facts as found by
the trial court and law. We agree and
affirm in part, reverse in part and remand.

## FACTS

Appellants began and operated a computer sales and service business in Albert Lea,
Minnesota since the latter half of 1982 as
C/M Computer Services or Claybourne/Morfitt Computer Services. Appellants do not advertise and rely primarily
upon word-of-mouth to promote their products and services.

Respondents also began and operated a
computer sales and service business in Albert Lea since the latter half of 1982 as
Info Pro, Inc. They changed their name to

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

CBM Computer Center when they became an IBM franchise in November of 1985.

Immediately, telephone calls and correspondence intended for respondents began arriving at appellants' store. Appellants wrote respondents requesting they cease using the new name, but received no reply.

Alleging the name CBM Computer Center was deceptively similar to C/M Computer Services, appellants requested a temporary injunction under the Uniform Deceptive Trade Practices Act (UDTPA), Minn. Stat. §§ 325D.43–325D.48 (1978). The trial court found "numerous" actual incidents of confusion and misunderstanding due to the similarity in names, but noted the confusion was diminished once a new phone book had been published with consecutive listings. The court denied the temporary injunction. The trial court did, however, order respondents to continue using the phrase "Formerly Info Pro" after the new name in all advertising and promotion.

On November 26, 1986, an order was issued directing respondents to include the phrase "Formerly Info Pro" immediately following or under the new name in the 1987 Albert Lea Regional Telephone Directory.

A trial was held in February 1987. The court found more than 50 instances of actual confusion or misunderstanding due to the similarity in the names of the two companies. The court found sufficient evidence to establish a violation of the UDTPA. Judgment was entered on March 20, 1987 as follows:

Defendants are hereby enjoined from conducting a commercial business in the State of Minnesota under the trade name "CBM Computer Center" or any other trade name that is deceptively or confusingly similar to "C/M Computer Services;" except as set forth in Paragraph 2 hereafter which the Court deems equitable and reasonable.

Defendant may conduct its business under the following trade name: "INFO PRO d/b/a CBM Computer Center," provided that any alphabetical listing thereof shall be listed under I rather than C; or, under such other similar trade name

which the Court may approve by further order upon application of Defendants after notice is given to Plaintiffs.

In April 1987, appellants moved for a contempt citation which was denied. On May 15, 1987, the trial court issued an order for amended judgment clarifying use of respondents' new name. It provided:

Defendant may conduct its business under the following trade name:

**INFO PRO** d/b/a CBM Computer Center

The use of said name shall be subject to these restrictions:

(a) The printing or lettering of the words "INFO PRO" shall be capitalized letters and shall be at least one and one-half times larger in height and in boldness than the words "d/b/a CBM Computer Center", except the telephone book white pages directory in which "INFO PRO" shall be capitalized in the boldest lettering and the other language in the lighter lettering, and except the tee marker at Green Lea Golf Course.

(b) All alphabetical directory or other listings of the trade name shall be placed under the letter I rather than the letter C.

(c) By on or before 60 days from the date of this Order, defendants shall notify all persons referred to hereafter of its change of name and the restrictions of the use of said name as established by this Order.

(1) Those to be notified are persons, businesses, or corporations who advertise defendant's trade name, all franchisers whose products defendant merchandises including IBM, EPSOM, ATT, and APPLE, and other major suppliers.

(2) The notice shall instruct said persons, businesses, or corporations to hereafter cease and desist from referring to defendants under any other name than "INFO PRO d/b/a CBM Computer Center".

(3) The notices shall be in writing and served by certified mail evidenced by return receipt. Copies of said certifi-

cations shall be filed with the Court within 60 days of this Order.

Respondents sought a modification of the amended order which was stayed pending the outcome of this appeal. From the last clause of paragraph one and from paragraph two of the March 30 judgment and from the entire May 15 amendment, C/M Computer Services appeals.

## ISSUE

Did the trial court err by permitting continued use of a trade name found to be confusingly similar to appellants?

## ANALYSIS

1. On appeal, this court must carefully examine the record as a whole to ascertain whether or not the evidence fairly supports the findings, and if the findings support the legal conclusions and judgment. *Viking Automatic Sprinkler Co. v. Viking Fire Protection Company*, 280 Minn. 250, 256, 159 N.W.2d 250, 254 (1968).

Where the evidence is sufficient to support or deny the issuance of permanent injunctive relief, the decision lies within the sound discretion of the trial court and will not be overturned on appeal unless a clear abuse of discretion. *Cherne Industrials, Inc. v. Grounds and Associates*, 278 N.W.2d 81, 91 (Minn.1979). Only where the facts clearly and conclusively require such relief is the court compelled to grant it. *Currie v. Silvernale*, 142 Minn. 254, 259, 171 N.W. 782, 784 (1919).

█ 2. The Uniform Deceptive Trade Practices Act does not require actual confusion or misunderstanding for a violation to be found and relief granted. The mere likelihood of such confusion is sufficient. Minn.Stat. § 325D.44, subd. 2. Nevertheless, appellants in this case were able to document more than 50 actual instances of confusion and misunderstanding with suppliers, potential customers and the general public. Appellants and their employees testified to the inconvenience, expense, illwill and loss of business generated by the confusing similarity in the names C/M Computer Services and CBM Computer Center. Such confusion is especially damaging to a business, such as appellants', that depends primarily or exclusively upon word-of-mouth referrals from satisfied customers for its continued operation.

The evidence before the trial court amply supported its findings that the 50 instances of misunderstanding were caused by the confusing similarity of trade names between the parties' businesses. The trial court further found:

> Such incidents * * * have resulted in loss of business to plaintiffs, misdirected telephone calls, misdirected mail, and time wasting interruptions and irritations for both the plaintiffs and the public. * * * Defendants' use of its new trade name causes the likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods and services * * *.

The trial court's conclusions of law properly found the foregoing evidence sufficient to establish a violation of the UDTPA, entitling the appellants to injunctive relief.

█ 3. Minn.Stat. § 325D.45 authorizes the court to fashion equitable injunctive relief upon such terms as the court deems reasonable. The court, in paragraph one of its order for judgment, properly enjoined respondent from conducting business in the State of Minnesota under the name CBM Computer Center or any other name deceptively similar to C/M Computer Services.

However, the court went too far in permitting respondents to do business as INFO PRO d/b/a CBM Computer Center. Modifying the name as indicated in paragraph two of the March 20 judgment or the May 15, 1987 amendment thereto was insufficient to eliminate the likelihood of confusion and misunderstanding.

In a similar case decided prior to enactment of the UDTPA, the United States Supreme Court overturned a modification of a decree which permitted a confusing similar name to be used if clearly distinguished from that of the complainants. The court found the modification:

> amounted, by reason of the juxtaposition with what preceded, to a permission to

the defendant to use the trademark "Chartreuse," or that word as the name or description of its liqueur, provided it were distinguished from the liqueur of the monks. This was inconsistent with the decree as to the ownership of the trademark.

*Baglin v. Cusenier Co.*, 221 U.S. 580, 600, 31 S.Ct. 669, 675, 55 L.Ed. 863 (1911).

We find the modification here to be similarly inconsistent with the trial court's own findings of fact and conclusions of law. By permitting respondents to do business as INFO PRO d/b/a CBM Computer Center or even as INFO PRO d/b/a CBM Computer Center,[1] the court undermines the very relief which the trial court found appellant entitled.

This case is distinguishable from *North Star State Bank of Roseville* in which this court permitted the defendant to use the confusingly similar name followed by the phrase "formerly Crystal State Bank." *North Star State Bank of Roseville v. North Star State Bank of Minnesota*, 361 N.W.2d 889, 893 (Minn.Ct.App.1985), appeal after remand 365 N.W.2d 788 (Minn.Ct. App.1985). In that case we were dealing with a temporary, not permanent, injunction and the necessity of protecting both parties' rights pending a trial on the merits. In *Howard Clothes v. Howard Clothier Corp.*, 236 Minn. 291, 302, 52 N.W.2d 753, 760 (1952) the Minnesota Supreme Court upheld an order requiring the defendant to do business as Howard Clothier of New York, but that case dealt with use of an individual's family name and was decided prior to the UDTPA which makes it easier for plaintiffs to obtain injunctive relief. These considerations are not present in this case.

4. Nor do we find respondents' loss of franchise argument persuasive. Nowhere in the documents before this court is there evidence that respondents will lose their IBM franchise if they are forced to abandon the name CBM Computer Center. Nor would such evidence have been dispositive of this question, as the likelihood of deception and confusion is at issue here, not economic harm to respondents.

### DECISION

We therefore find the evidence sufficient to support the court's findings of fact and conclusions of law. Injunctive relief as granted in paragraph one of the March 20, 1987 order is compelled by the evidence as a whole, but the last clause of paragraph one, all of paragraph two and all of the May 15, 1987 modification are inconsistent with the trial court's own findings and conclusions. We remand for disposition consistent with this opinion.

Affirmed in part, reversed in part and remanded.

---

**1.** As per the size and boldness requirements of

the judgment as amended.