THELEN OIL COMPANY,
INC., Appellee,

v.

FINA OIL & CHEMICAL COMPANY,
a corporation, Appellant.

Nos. 91–3046, 92–1111.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 27, 1992.

Decided April 24, 1992.

Jeffrey Moore Cross, Chicago, Ill., argued (Derald W. Wiehl, Sioux Falls, S.D., on brief) for appellant.

Mark V. Meierhenry, Sioux Falls, S.D., argued (John E. Burke, on brief), for appellee.

Before McMILLIAN, FAGG, and WOLLMAN, Circuit Judges.

FAGG, Circuit Judge.

Thelen Oil Company, Inc. (Thelen) brought this action against Fina Oil & Chemical Company (Fina) under the Petroleum Marketing Practices Act (PMPA), 15 U.S.C. §§ 2801–2841 (1988), contending Fina wrongfully terminated a franchise agreement between them. Fina counterclaimed against Thelen asserting violations under certain provision of the Lanham Act, 15 U.S.C. §§ 1114, 1117, 1125(a) (1988), breach of a distributor sales contract, and breach of a service station ground lease. The district court refused to submit Fina's Lanham Act claim to the jury. The jury found against Thelen on its PMPA claim and awarded Fina $103,000 on its breach of contract claim. Thelen does not appeal the jury's verdict. Fina appeals the district court's refusal to submit its Lanham Act claim to the jury and the district court's denial of attorney fees. We affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

The facts in this case are not complicated. Thelen and Fina entered into a distributor sales contract under which Thelen agreed to purchase Fina gasoline to sell at various Thelen convenience stores and service stations. The contract included a franchise agreement allowing Thelen to sell the gasoline under the Fina trademark at certain Fina-branded service stations. The gasoline Thelen sold through its convenience stores could not carry the Fina trademark. Later, Thelen and Fina entered into a ground lease for a Fina-branded service station in Burnsville, Minnesota. Under the terms of the lease, Fina could cancel the lease and take possession of the station should the franchise agreement be terminated for any reason. Because Thelen sold non-Fina gasoline under the Fina trademark and failed to purchase a sufficient amount of Fina gasoline, Fina cancelled the distributor sales contract and franchise agreement. Fina also sought to cancel the Burnsville ground lease and take possession of the Burnsville station. This lawsuit followed.

On appeal, Fina contends the district court committed error in refusing to submit its Lanham Act claim to the jury. We agree. The Fina name and logo are registered trademarks. The Lanham Act prohibits the unauthorized use of a registered trademark when selling a good or service if using the trademark is likely to mislead or deceive consumers. 15 U.S.C. §§ 1114, 1125(a). Fina introduced evidence showing the Fina name and logo are trademarks for Fina gasoline, and Thelen sold non-Fina gasoline from Fina-branded service stations and pumps. The sale of the non-Fina gasoline under the Fina name would likely produce customer confusion. *Franchised Stores, Inc. v. Winter*, 394 F.2d 664, 668 (2d Cir.1968). Thus, in presenting this evidence, Fina made a prima facie showing that Thelen violated the Lanham Act. *Lois Sportswear, U.S.A., Inc. v. Levi Strauss & Co.*, 799 F.2d 867, 871 (2d Cir.1986); 15 U.S.C. §§ 1114, 1125(a); see *Metric & Multistandard Components v. Metric's, Inc.*, 635 F.2d 710, 714 (8th Cir.1980). Thelen, however, maintains Fina consented to the sale of the non-Fina gasoline under the Fina trademark. If so, Thelen has a valid defense to Fina's Lanham Act claim. 15 U.S.C. § 1114(1). Nevertheless, whether Fina consented to the sale is a question of fact for the jury. We thus conclude the district court committed error in failing to submit Fina's Lanham Act claim to the jury.

Thelen contends the district court nonetheless properly refused to submit Thelen's Lanham Act claim to the jury because any damages under the Lanham Act would duplicate the damages Fina sought under its breach of contract claim. We disagree. "Under the Lanham Act [Fina] may recover as damages for trademark infringement (1) [Thelen's] profits, (2) any

damages sustained by [Fina], and (3) the costs of the action." *Tonka Corp. v. Tonk–A–Phone, Inc.,* 805 F.2d 793, 794 (8th Cir.1986); 15 U.S.C. § 1117(a). Under Fina's breach of contract claim, Fina sought lost profits based on Thelen's failure to purchase a minimum number of gallons of Fina gasoline. The district court did not instruct the jury that Fina could recover Thelen's profits or additional damages if the jury found Thelen sold misbranded gasoline under the Fina trademark without Fina's consent. Based on the district court's instructions, the jury could only award Fina damages for Thelen's failure to purchase the minimum amount of gasoline required by the distributor sales contract. Thus, the jury's award does not cover the full remedy available to Fina under the Lanham Act, namely, Thelen's profits, the costs of the action, and whatever additional damages Fina can prove resulted from Thelen's misuse of the Fina trademark.

Thelen also contends Fina's Lanham Act claim is barred by the doctrine of laches. Thelen did not assert this defense in the district court, however, and " 'defenses not raised or litigated in the trial court cannot be urged for the first time on appeal.' " *Morrow v. Greyhound Lines, Inc.,* 541 F.2d 713, 724 (8th Cir.1976) (quoted case omitted). We thus decline to consider Thelen's laches defense.

Fina's second contention is that the district court committed error in denying Fina attorney fees under the PMPA. The PMPA provides, "[T]he [district] court may, in its discretion, direct that reasonable attorney and expert witness fees be paid by the franchisee if the court finds [the franchisee's] action is frivolous." 15 U.S.C. § 2805(d)(3). Fina contends Thelen's PMPA claim was frivolous and the district court abused its discretion in refusing to award Fina attorney fees. We disagree. Thelen presented sufficient evidence for the district court to submit Thelen's PMPA claim to the jury. Fina, however, asserts the jury's general verdict against Thelen shows "Thelen started a lawsuit under false claims and failed to present any evidence at trial to justify its

complaint." Fina reads too much into the jury's verdict. Thelen's PMPA claim was weak, but Thelen presented some evidence to support it. Although the jury ultimately rejected Thelen's claim, this alone does not mean Thelen's claim was frivolous. Having reviewed the record, we conclude the district court did not abuse its discretion in denying Fina attorney fees.

■ Fina also contends the district court committed error in denying Fina attorney fees under the terms of the Burnsville lease. The district court concluded the PMPA preempts the lease's attorney fees provision. Fina contends the PMPA does not preempt the lease because the PMPA applies only to franchise agreements, and the lease does not affect the distributor sales contract containing the franchise agreement between the parties. The plain language of the PMPA belies Fina's contention. Under the PMPA, "[t]he term 'franchise' includes ... any contract under which a retailer or distributor ... is authorized or permitted to occupy leased marketing premises, which premises are to be employed in connection with the sale ... of motor fuel under a [refiner's] trademark." 15 U.S.C. § 2801(1)(B)(i). Fina leased the Burnsville service station to Thelen for the sale of petroleum products under the Fina trademark. The lease falls squarely within the scope of the PMPA, including the PMPA's attorney fees provision. As discussed above, the PMPA gives the district court discretion to award attorney fees in frivolous cases brought under the PMPA. 15 U.S.C. § 2805(d)(3). The lease, however, provides Fina can recover attorney fees whenever necessary to enforce or defend Fina's rights under the lease. Thus, to the extent Fina attempts to use the lease to obtain attorney fees for the cost of defending against Thelen's PMPA claim, the lease and the PMPA directly conflict. Given this conflict, the PMPA preempts the lease because the right to attorney fees falls squarely within an area covered by the PMPA. 15 U.S.C. § 2806(a); *Continental Enters., Inc. v. American Oil Co.,* 808 F.2d 24, 28 (8th Cir.1986).

To the extent Fina seeks attorney fees for its breach of lease claim against Thelen, the PMPA does not preempt the lease. The PMPA's attorney fees provision does not cover actions brought outside the PMPA. 15 U.S.C. §§ 2805(d)(3), 2806(a); *Pride v. Exxon Corp.*, 911 F.2d 251, 258 (9th Cir.1990); *O'Shea v. Amoco Oil Co.*, 886 F.2d 584, 592–93 (3d Cir.1989). Under the terms of the lease, Fina had the right to cancel the lease if the distributor sales contract was terminated. Fina terminated the distributor sales contract and then sought cancellation of the lease. Thelen, however, refused to relinquish possession of the service station. Fina's breach of lease claim merely sought to enforce the lease's cancellation provisions. The interpretation and enforcement of general lease provisions are matters of state law falling outside the PMPA. *See O'Shea*, 886 F.2d at 593. Thus, the lease does not conflict with the PMPA's attorney fees provision, and Fina may properly recover reasonable attorney fees and costs associated with its breach of lease claim. On remand, Fina bears the burden of establishing with sufficient documentation the fees and costs it incurred in pursuing this claim.

As a final matter, we note Fina has failed on appeal to separate the attorney fees it incurred in enforcing its rights under the lease from the fees incurred in defending against Thelen's PMPA claim. Fina has also failed to identify the fees associated with its Lanham Act claim, which cannot be recovered under either the PMPA or the terms of the lease. Instead, Fina presents a lump-sum request for over $650,000 in attorney fees and costs based on a relatively straight-forward four-day trial. Although we leave to the district court on remand the task of sorting out what fees, if any, Fina is entitled to receive, we note it is not inappropriate to deny fees completely when the fee request is outrageously excessive and unsupported by adequate documentation. *See Brown v. Stackler*, 612 F.2d 1057, 1059 (7th Cir. 1980).

Accordingly, we reverse the district court's refusal to submit Fina's Lanham Act claim to the jury and remand for a new trial. We affirm the district court's denial of attorney fees under the PMPA, but remand to the district court to determine what fees, if any, Fina can recover under the terms of the Burnsville lease.