**DENNIS SIMMONS D.D.S., P.A., Appellant,**

v.

**MODERN AERO, INC. d/b/a ASI Aero Services, et al., Respondents.**

No. C4–99–371.

Court of Appeals of Minnesota.

Dec. 14, 1999.

Linda S. Jensen, Elizabeth L. Plitzuweit, Messerli & Kramer, P.A., Minneapolis, for appellant.

Michael C. Lindberg, Susan E. Gustad, Johnson & Lindberg, P.A., Minneapolis, for respondents.

Considered and decided by HALBROOKS, Presiding Judge, KLAPHAKE, Judge, and G. BARRY ANDERSON, Judge.

## OPINION

G. BARRY ANDERSON, Judge.

Appellant challenges the district court's rejection of (1) his motion to amend the complaint to include a claim under Minnesota's Uniform Deceptive Trade Practices Act, and (2) a jury instruction regarding the individual liability of respondent employees. Because appellant has failed to state a claim for relief under the Deceptive Trade Practices Act, and the rationale for his jury instruction misapplies the law, we affirm.

### FACTS

In 1990, one of respondent Modern Aero's employees damaged a Beechcraft aircraft owned by appellant Dennis Simmons. Aero telephoned appellant and explained the accident and offered to repair

the damage. In 1996, after appellant's plane was vandalized, an insurance inspection revealed defects in the 1990 repair work. The inspector noticed that the replacement parts were not manufactured by Beechcraft and that the repair work had begun to corrode. Later, the FAA and Aero's employee, Oscar May, inspected the repair work. They determined that the aircraft was incorrectly repaired. Respondents do not challenge that their 1990 repairs were improper.

Appellant commenced this suit to recover for both improper repairs and the unrelated improper installation and repair of an engine turbocharger. After discovery revealed the names of the individual employees that had worked on the aircraft, appellant sought to specifically name those employees in this litigation. Appellant also sought to add a claim under Minnesota's Uniform Deceptive Trade Practices Act (DTPA). The district court granted appellant's motion to name the three employees, but took the DTPA claim under advisement. Prior to trial, the court rejected appellant's DTPA claim, explaining in a post-trial order that appellant had neither a claim nor a remedy under the Act.

After a seven-day trial, a jury found that respondents were negligent and engaged in misrepresentation as to the 1990 repairs. The jury awarded appellant $15,917 on this claim. Although not appealed, the jury also found that respondents had breached an implied warranty for the installation of the turbocharger and that they were 50 per cent negligent for installation and maintenance of this turbocharger.

After trial, appellant sought a new trial, challenging the district court's rejection of (1) the DTPA claim and (2) a requested jury instruction regarding the individual liability of the three named defendants. The court rejected the DTPA claim again, and also rejected appellant's jury instruction argument because Aero would be liable for any employee negligence under the doctrine of respondeat superior.

## ISSUES

I. Did the district court err in deciding that appellant's claim is outside the scope of Minnesota's Uniform Deceptive Trade Practices Act?

II. Did the district court err in denying appellant's request to allow the jury to decide whether the individual respondent employees were separately negligent?

## ANALYSIS

### I.

■ Appellant first argues that the district court erred when it rejected his motion to amend his complaint to include a claim under Minnesota's Uniform Deceptive Trade Practices Act (DTPA). Minn. Stat. § § 325D.43–48 (1998). Minn. R. Civ. P. 15.01 authorizes the district courts to "freely" grant leave to amend pleadings "when justice so requires." "The trial court has wide discretion to grant or deny an amendment, and its action will not be reversed absent a clear abuse of discretion." *Fabio v. Bellomo*, 504 N.W.2d 758, 761 (Minn.1993) (citation omitted).

■ In rejecting appellant's amendment, the district court concluded that appellant did not have a viable claim under the DTPA. "A claim is not viable if it fails as a matter of law." *Anderson v. Minnesota Ins. Guar. Ass'n*, 534 N.W.2d 706, 709 (Minn.1995) (citation omitted). The issue of viability is a question of law, reviewed de novo by an appellate court. *Id.*

On appeal, appellant's argument in favor of applying the DTPA is twofold: First, he argues that damages are an appropriate remedy under the Act. Second, he argues that, regardless, he is entitled to the award of attorney fees under the DTPA because he has presented a cognizable claim under the Act, apart from his failure to request appropriate relief under the Act.

■ In rejecting appellant's arguments, we affirm the district court's conclusion that the DTPA provides only injunctive relief, and because appellant pursued damages, not an injunction, he has not stated a claim for which relief could be granted.

■ The DTPA defines deceptive trade practices at Minn.Stat. § 325D.44, subd. 1, as including, but not limited to, passing "off goods or services as those of another," misrepresenting the standard quality or grade of a good, and "any other conduct which similarly creates a likelihood of confusion or of misunderstanding." Id. at subd. 1(1), (7), (13). The relief provided by the act is limited to those persons "likely to be damaged by a deceptive trade practice." Minn.Stat. § 325D.45, subd. 1. The legislature granted to the courts the discretion to only award an injunction against such deceptive trade practices, specifically limiting this relief "under the principles of equity." Id. Generally, injunctive relief is afforded when other legal remedies are inadequate, see *Rexton, Inc. v. State*, 521 N.W.2d 51, 54 (Minn.App.1994), but the legislature has allowed such relief against deceptive trade practices regardless of damages or other remedies available at law. Minn.Stat. § 325D.45, subd. 1, 3.

■ In rejecting appellant's claim for damages, we begin first by analyzing controlling case law. Recently, this court rejected a similar claim for damages under the DTPA in *Alsides v. Brown Institute, Ltd.*, 592 N.W.2d 468 (Minn.App.1999). Alsides reached its decision by first examining dictum from *Johnny's, Inc. v. Njaka*, 450 N.W.2d 166, 168 (Minn.App.1990), where that court explained that " 'injunctive relief, not damages, is the statutory remedy for unlawful or deceptive trade practices.' " *Alsides*, 592 N.W.2d at 476 (quotation omitted). Based in part on Njaka, and the court's own reading of the DTPA, this court concluded that "the sole statutory remedy for deceptive trade practices is injunctive relief." *Id.* at 476.

We reject appellant's interpretation of the supreme court's policy that the consumer protection statutes "reflect a clear legislative policy encouraging aggressive prosecution of statutory violations." *State by Humphrey v. Philip Morris Inc.*, 551 N.W.2d 490, 495 (Minn.1996). Aggressive prosecution does not mean that we are permitted to misconstrue or expand those remedies provided by the legislature.

We also reject appellant's reliance on the Texas DTPA. The Texas DTPA specifically provides for "economic damages," as opposed to the Minnesota DTPA which does not. Compare Tex. Bus. and Comm. Code Ann. § 17.50(b)(1) (West Supp.1999), with Minn.Stat. § 325D.45. Moreover, we reject appellant's reading of federal cases applying the Minnesota DTPA. None of the cases cited by appellant state that damages are available under the DTPA. See *Tonka Corp. v. Tonk–A–Phone, Inc.*, 805 F.2d 793 (8th Cir.1986); *LensCrafters, Inc. v. Vision World, Inc.*, 943 F.Supp. 1481 (D.Minn.1996).

■ We realize that the general purpose behind appellant's claim is to secure the statutory attorney fees provided under subdivision 2 of the Act, which would otherwise be denied on the negligence and breach of contract claims. A party may not assert a DTPA claim for the sole purpose of receiving attorney fees. The district court has discretion to award attorney fees only to a "prevailing party." Minn. Stat. § 325D.45, subd. 2. We interpret the "prevailing party" language to apply only to a claim for injunctive relief under the DTPA, not to any claim demonstrating facts similar to those defined in section 325D.44 as deceptive trade practices.

■ Appellant misconstrues the Act's burden of proof language in his quest for attorney fees. Although the DTPA provides that "[p]roof of monetary damage, loss of profits, or intent to deceive is not required" to state a DTPA claim; the reasoning is to reimburse private individuals who challenge deceptive trade and com-

mercial activity despite the absence of monetary issues. Minn.Stat. § 325.45D, subd. 1; see Minn.Stat. § 325D.45, subd. 2. The DTPA was not intended to afford the "back-door" attorney-fee relief sought by appellant, but to further "legislative policy encouraging aggressive prosecution of statutory violations." *Philip Morris Inc.*, 551 N.W.2d at 495. To adopt appellant's argument would provide a statutory exception for the award of attorney fees in negligence and breach of contract actions without an explicit legislative mandate.

Appellant next argues that Minn.Stat. § 8.31 (1998) provides a private remedy for damages for consumer protection statutes, including the DTPA. Appellant correctly states that section 8.31, subd. 3a, provides private damage remedies for violations of consumer protection statutes. Yet, subdivision 3a specifically limits its relief to those statutes referred to in subdivision 1, and the DTPA is not included in that list. Minn.Stat. § 8.31, subd. 1, 3a (1998); see *Philip Morris Inc.*, 551 N.W.2d at 496 (correctly noting that the DTPA is not included in section 8.31).

We have explained that an amendment may be denied "if it will accomplish nothing, such as when the amendment does not state a cognizable legal claim." *Envall v. Independent Sch. Dist. No. 704*, 399 N.W.2d 593, 597 (Minn.App.1987), review denied (Minn. Mar. 25, 1987); accord *Copeland v. Hubbard Broad., Inc.*, 526 N.W.2d 402, 405 (Minn.App.1995). Because appellant never petitioned the district court for equitable relief in the form of an injunction against respondents, his claim must fail.

The district court also rejected appellant's motion to amend his complaint on the grounds of prejudice. Because of our ruling on the viability of appellant's claim under the DTPA, we need not reach appellant's argument on this issue.

## II.

Appellant next challenges the district court's denial of his request to include a special verdict question regarding the individual liability of the three employees. "The trial court has broad discretion both in writing jury instructions and in framing special verdict questions." *Dang v. St. Paul Ramsey Med. Ctr.*, 490 N.W.2d 653, 658 (Minn.App.1992), review denied (Minn. Dec. 15, 1992) (citation omitted).

Appellant had requested that the jury decide the particular liability of the individual employees. The court instead asked whether any of the defendants were negligent for which respondent Aero would be liable. In reviewing this issue, we recognize that the motivation behind appellant's claim is the award of attorney fees under the third-party litigation exception.

While attorney fees are generally not recoverable absent a contract or statute, they are recoverable "where an individual is forced into litigation as a result of the wrongful act of another." *Lundeen v. Lappi*, 361 N.W.2d 913, 917 (Minn. App.1985), review denied (Minn. Apr. 18, 1995).

· [W]here the natural and proximate consequence of a person's tortious act projects another into litigation with a third person, attorneys' fees and expenses reasonably incurred by the injured party in such litigation may be recovered from the one guilty of the tortious conduct.

*Prior Lake State Bank v. Groth*, 259 Minn. 495, 499, 108 N.W.2d 619, 622 (1961).

Appellant's claim under this doctrine is completely misplaced and his argument misconstrues the law. The district court correctly reasoned that the doctrine of respondent superior applies in this case and thus there was no abuse of discretion.

## DECISION

The district court properly interpreted Minnesota's Uniform Deceptive Trade Practices Act to deny appellant's additional claim for damages and attorney fees. The DTPA provides solely injunctive relief and

allows the award of attorney fees only after a party has prevailed on a claim for such relief. Furthermore, appellant's attempt to apply the third party litigation exception fails and there was no abuse of discretion in the denial of the requested instruction.

Affirmed.