*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0411**

Erik Finstad, et al.,
Appellants,

vs.

Ride Auto, LLC,
Respondent.

**Filed November 30, 2015
Affirmed
Johnson, Judge**

Dakota County District Court
File No. 19HA-CV-14-4021

Matthew J. Schaap, Robert B. Bauer, Dougherty, Molenda, Solfest, Hills & Bauer P.A.,
Apple Valley, Minnesota (for appellants)

Robert J. Bruno, Robert J. Bruno, Ltd., Burnsville, Minnesota (for respondent)

Considered and decided by Kirk, Presiding Judge; Connolly, Judge; and Johnson,
Judge.

**U N P U B L I S H E D   O P I N I O N**

**JOHNSON**, Judge

Erik Finstad purchased a used pick-up truck from Ride Auto, LLC, "as is,"
without a warranty. He later discovered mechanical problems with the truck. He
attempted to return the truck and obtain a refund, but Ride Auto refused. Finstad
commenced this action, in which he alleged, among other claims, a claim for injunctive

relief under the Uniform Deceptive Trade Practices Act. On Ride Auto's pre-trial motion, the district court entered a partial judgment in favor of Ride Auto on that claim on the ground that Finstad is not entitled to injunctive relief because he cannot establish that he is likely to sustain damages in the future as a result of Ride Auto's alleged deceptive trade practices. We conclude that the district court properly applied the applicable statute to the allegations in Finstad's complaint and the evidence submitted to the district court. We also conclude that the district court did not err by denying Finstad's request for leave to conduct additional discovery before a ruling on Ride Auto's motion. Therefore, we affirm.

## FACTS

For purposes of this appeal, we recite the facts that are alleged in the complaint, except to the extent that we specifically refer to evidentiary materials submitted to the district court.

In July 2014, Finstad agreed to purchase a used pick-up truck from Ride Auto, a used-vehicle dealership in the city of Burnsville. Finstad signed a purchase agreement on behalf of Impact North, Inc., a Wisconsin company, which states that the truck was sold "AS IS" and without a warranty. Finstad also signed a form acknowledging receipt of a "Buyers Guide," which also states that the truck was sold without a warranty.

Finstad noticed some mechanical problems with the truck soon after the purchase. The truck's rear end "started to whine and howl," the check-engine light turned on, and the "engine started sputtering." Finstad asked a mechanic to inspect the truck, and the

mechanic told Finstad that the truck was in need of extensive repair work. Further inspection revealed that the truck's engine is "beyond repair."

Finstad spoke with a manager of Ride Auto, who stated that the truck does not have a warranty and that Ride Auto would not take it back. Finstad retained an attorney, who sent a written revocation of acceptance to Ride Auto. Finstad eventually returned the truck to Ride Auto by leaving it in the dealership's parking lot. But Ride Auto informed Finstad by letter that it refused to accept his revocation of acceptance and would charge Finstad or Impact North a daily fee to store the truck if he did not remove it.

In September 2014, Finstad and Impact North commenced this action against Ride Auto. The complaint alleges three claims: a violation of Minnesota's Uniform Deceptive Trade Practices Act (DTPA), common-law fraud, and breach of contract. Finstad's claims are based in part on allegations that a Ride Auto salesperson made misrepresentations concerning whether the truck had been inspected by a mechanic and whether it was subject to a warranty.

In October 2014, Ride Auto moved for judgment on the pleadings or, in the alternative, summary judgment. In January 2015, the district court issued an order and memorandum in which it denied Ride Auto's motions with respect to the fraud and breach-of-contract claims but granted one of Ride Auto's alternative motions by concluding that Ride Auto is entitled to judgment on Finstad's DTPA claim.

Finstad and Impact North appeal from the partial grant of Ride Auto's alternative motions.[1]  For purposes of this opinion, we will refer to both appellants collectively as Finstad.

## DECISION

## I. DTPA Claim

Finstad first argues that the district court erred by concluding that Ride Auto is entitled to judgment on his DTPA claim.

As an initial matter, we note that the record is unclear as to whether the district court granted Ride Auto's motion for judgment on the pleadings, *see* Minn. R. Civ. P. 12.03, or its alternative motion for summary judgment, *see* Minn. R. Civ. P. 56.  The district court did not expressly identify the basis of its decision; the district court simply stated that the DTPA claim should be dismissed.  On appeal, Finstad frames his arguments with reference to both rule 12 and 56, and Ride Auto frames its arguments with reference only to rule 56.  In any event, the lack of clarity concerning the basis of the district court's decision is immaterial because, for the reasons explained below, the district court's reasoning is consistent with both the parties' pleadings and the evidentiary materials in the district court record.

The DTPA is concerned with deceptive trade practices.  Minn. Stat. § 325D.44, subd. 1 (2014).  If a plaintiff establishes the existence of a deceptive trade practice, the

---

[1]This court questioned whether Finstad appealed from an appealable order and asked the parties to submit informal memoranda on that issue.  A special-term panel of the court concluded that the district court's order is appealable pursuant to Minn. R. Civ. P. 103.03(b) because it is an order denying an injunction.

4

plaintiff "may be granted an injunction against" the deceptive trade practice, so long as the plaintiff is "likely to be damaged by" the deceptive trade practice. Minn. Stat. § 325D.45, subd. 1 (2014). In fact, "the sole statutory remedy for deceptive trade practices is injunctive relief." *Alsides v. Brown Inst., Ltd.*, 592 N.W.2d 468, 476 (Minn. App. 1999).

A plaintiff in a DTPA case also may recover the costs of the action if the plaintiff is the prevailing party. Minn. Stat. § 325D.45, subd. 2. In addition, a plaintiff in a DTPA case may recover attorney fees if the plaintiff is the prevailing party and has proved that the defendant "has willfully engaged in [a] trade practice knowing it to be deceptive." *Id.* A plaintiff in a DTPA case is not a prevailing party unless the plaintiff has established an entitlement to injunctive relief. *Dennis Simmons, D.D.S., P.A. v. Modern Aero, Inc.*, 603 N.W.2d 336, 339 (Minn. App. 1999).

In this case, Finstad alleges in his complaint that Ride Auto's conduct violated three provisions of the DTPA. *See* Minn. Stat. § 325D.44, subd. 1(2), (5), (7). On appeal, Finstad contends that Ride Auto's conduct violated four provisions of the DTPA, including two of the provisions cited in the complaint. *See id.*, subd. 1(5), (7), (9), (13). The five provisions that Finstad has invoked proscribe the following conduct:

> (2) caus[ing] likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services;
>
> . . . .
>
> (5) represent[ing] that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person

has a sponsorship, approval, status, affiliation, or connection that the person does not have;

. . . .

(7) represent[ing] that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;

. . . .

(9) advertis[ing] goods or services with intent not to sell them as advertised;

. . . .

(13) engag[ing] in any other conduct which similarly creates a likelihood of confusion or of misunderstanding.

*Id.*, subd. 1(2), (5), (7), (9), (13).

In his complaint, Finstad seeks relief on his DTPA claim in the forms of an injunction, an award of costs, and an award of attorney fees. *See* Minn. Stat. § 325D.45, subds. 1, 2. Finstad does not seek an award of damages for the alleged violations of the DTPA, which is consistent with the well-established caselaw stating that a district court is not authorized to award damages on a DTPA claim. *See Dennis Simmons*, 603 N.W.2d at 339; *Alsides*, 592 N.W.2d at 476.

The district court reasoned that Ride Auto is entitled to judgment on Finstad's DTPA claim because Finstad had not established that future harm was likely. Finstad identifies the issue on appeal as whether his complaint states a DTPA claim on which injunctive relief can be granted. Finstad argues in his appellate brief that he has stated a claim for injunctive relief because the so-called private-attorney-general statute

6

authorizes him to pursue a civil action on behalf of all persons who are likely to be harmed in the future by Ride Auto's alleged deceptive trade practices, regardless whether he himself is likely to be harmed by them. *See* Minn. Stat. § 8.31, subd. 3a (2014).

That argument plainly is inconsistent with the applicable statutes and caselaw. The private-attorney-general statute authorizes a person to commence a civil action on behalf of others only if the plaintiff has been "injured by a violation of *any of the laws referred to in subdivision 1.*" *Id.* (emphasis added). Subdivision 1 refers specifically to nine statutes but does *not* refer to the DTPA. *See id.*, subd. 1. For that reason, the appellate courts previously have recognized that a person may not pursue a DTPA claim under the private-attorney-general statute. *See State by Humphrey v. Philip Morris Inc.*, 551 N.W.2d 490, 496 (Minn. 1996); *Dennis Simmons*, 603 N.W.2d at 340. Thus, Finstad cannot seek injunctive relief on his DTPA claim by purporting to represent others pursuant to the authority of the private-attorney-general statute.

At oral argument, Finstad presented a somewhat different argument. He argued, in essence, that the DTPA should be construed broadly to accomplish the legislature's intent, which Finstad asserts is to allow for injunctive relief from deceptive trade practices that pose an ongoing threat to Minnesota consumers generally. This argument is inconsistent with the plain language of the statute, which provides, "A person likely to be damaged by a deceptive trade practice of another may be granted an injunction against it . . . ." Minn. Stat. § 325D.45, subd. 1. The obvious implication of the statute is that *only* a person who is "likely to be damaged by a deceptive trade practice" may seek and be granted an injunction under the DTPA. *See id.*

Under a proper interpretation of the DTPA, Finstad plainly is not a person who is likely to be harmed in the future by the deceptive trade practices he has alleged. Indeed, he has not alleged in his complaint that he is likely to be harmed by Ride Auto's alleged deceptive trade practices. In an affidavit that he submitted in response to Ride Auto's alternative motion for summary judgment, he stated merely, "I am still in the market for a new truck" and, thus, "am still part of the body of Minnesota consumers subject to Ride Auto's fraudulent sales tactics." This statement is, at most, a statement that it is merely possible that Finstad might buy another vehicle from Ride Auto in the future. But such a statement is insufficient to show that he is "likely" to be harmed by Ride Auto's alleged deceptive trade practices, which is what the statute requires. *See id.* A plaintiff who is a consumer can obtain an injunction only by proving that it is likely (not merely possible) that he or she will do business with the defendant in the future. *See Gardner v. First American Title Ins. Co.*, 296 F. Supp. 2d 1011, 1020-21 n.15 (D. Minn. 2003) (granting summary judgment to defendant because plaintiff's evidence showed only possibility that plaintiff would do business with defendant in future).[2] Considering both the allegations in Finstad's complaint and his evidence in the light most favorable to him, there is no

_____

[2]One may wonder how a consumer could prevail on a DTPA claim if the consumer must prove that he or she is likely to be deceived again by the same deceptive trade practice that is alleged in the complaint. The caselaw indicates that injunctive relief under the DTPA is more readily available to competitors than to consumers. *See, e.g.*, *Claybourne v. Imsland*, 414 N.W.2d 449, 451 (Minn. App. 1987) (affirming grant of injunction to computer business against competitor that violated DTPA); *see also Philip Morris Inc.*, 551 N.W.2d at 496-97 (holding that health insurer has standing to pursue DTPA claim against tobacco companies whose alleged deceptive trade practices increased frequency and amounts of insurance claims).

factual basis for a conclusion that he is entitled to injunctive relief against Ride Auto's alleged deceptive trade practices.

Thus, the district court did not err by granting one of Ride Auto's alternative motions and entering judgment for Ride Auto on the ground that Finstad cannot establish that he is entitled to an injunction under the DTPA.

## II. Continuance for Additional Discovery

Finstad also argues that the district court erred by denying his request for a continuance of Ride Auto's alternative motion for summary judgment so that he could conduct additional discovery on Ride Auto's DTPA claim.

A defendant may file a motion for summary judgment "at any time." Minn. R. Civ. P. 56.02. A party opposing a summary-judgment motion may request that the district court deny or continue the motion on the ground that the non-moving party needs additional time to conduct discovery:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present, by affidavit, facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Minn. R. Civ. P. 56.06. An affidavit requesting time to conduct additional discovery "must be specific about the evidence expected, the source of discovery necessary to obtain the evidence, and the reasons for the failure to complete discovery to date." *Molde v. CitiMortgage, Inc.*, 781 N.W.2d 36, 45 (Minn. App. 2010) (quotations omitted). Ordinarily a district court should make two inquires when considering a non-moving

9

party's request pursuant to rule 56.06: (1) whether the requesting party was diligent in seeking discovery prior to consideration of the summary-judgment motion, and (2) whether the requesting party based his or her request for further discovery on a good-faith belief that material facts would be uncovered, or whether the exercise is merely a "fishing expedition." *Rice v. Perl*, 320 N.W.2d 407, 412 (Minn. 1982). This court applies an abuse-of-discretion standard of review to a district court's denial of a continuance for purposes of additional discovery. *Molde*, 781 N.W.2d at 45.

In his affidavit, Finstad requested time to conduct additional discovery concerning "whether other consumers have complained of similar fraudulent practices as those alleged in this case" and "whether the shady practices engaged in by Ride Auto are of the type that should be enjoined under the [DTPA]." The district court did not expressly rule on Finstad's request for a continuance; the district court simply proceeded to rule on Ride Auto's motions. We assume that the district court declined to grant a continuance on the ground that the discovery Finstad sought would have been immaterial to the district court's resolution of Ride Auto's motion. A continuance for purposes of additional discovery is not appropriate if the requested discovery is incapable of affecting the outcome of the motion. *Lewis v. St. Cloud State Univ.*, 693 N.W.2d 466, 474 (Minn. App. 2005); *McCormick v. Custom Pools, Inc.*, 376 N.W.2d 471, 477 (Minn. App. 1985), *review denied* (Minn. Dec. 30, 1985). In this case, the discovery that Finstad sought would not change the conclusion that Finstad may not pursue a claim for injunctive relief under the DTPA. Finstad's DTPA claim fails because he has neither alleged nor submitted evidence that he is likely to be harmed in the future by Ride Auto's alleged

10

deceptive trade practices.  Finstad's inability to make such an allegation or to develop such evidence is not due to the lack of discovery.  If such facts were in existence, Finstad would be in possession of them.

Thus, the district court did not err by impliedly denying Finstad's request for a continuance of Ride Auto's motion for summary judgment for purposes of conducting additional discovery.

**Affirmed.**